■ LORETTA A. PARRISH, Respondent, v FRANK C. PARRISH, Appellant. [623 NYS2d 955] —Mikoll, J. P. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Charde, Jr., J.H.O.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered March 29, 1993 in Putnam County, upon a decision of the court.

At issue here is whether Supreme Court properly apportioned defendant's monthly pension payment on a 50%-50% basis between plaintiff and defendant, finding it to constitute marital property. On this appeal it is defendant's contention that a significant portion of his monthly pension payment of $619 from New York State Electric & Gas (hereinafter NYSEG) constitutes a disability pension and is thus separate property not subject to equitable distribution *(see, Dolan v Dolan,* 78 NY2d 463, 465).

The trial court is granted broad discretion in equitably apportioning the parties' marital property *(see, Michalek v Michalek,* 114 AD2d 655, *lv denied* 69 NY2d 602). The one seeking a portion of the pension interest has the burden of establishing the value of said interest to the pensioner *(supra,* at 657). Credibility issues are to be resolved by the trial court *(see, Bidwell v Bidwell,* 122 AD2d 364, 367).

The record discloses that defendant and plaintiff were married in 1967. Defendant worked for NYSEG from 1969 until his retirement due to disability in 1989. Defendant left the marital abode in 1985. After a nonjury trial, Supreme Court found that defendant was receiving a hybrid pension and disability payments but concluded that the parties' respective expert witnesses were not credible with regard to percentage allocation of disability. The court found that both experts had not reviewed the NYSEG employee benefit plan. Further, plaintiff's expert was unable to testify to the percentage allocation of disability and regular pension of the current payment of $619. Defendant's expert, on the other hand, gave answers to stated hypotheticals, the basis of which were found by the court not to be substantiated in the record. The court thereupon rejected both proffered experts' testimony.

Supreme Court found that defendant had the burden of proof as to what portion of the NYSEG payments was separate property and, having failed to meet the burden of proof, held the entire payment to be marital property, allocating it

50% to defendant and 50% to plaintiff. We conclude that Supreme Court correctly found that the entire pension was marital property in the absence of reliable or credible evidence as to the disability portion of the pension payment.

Defendant raises several other legal challenges which we deem without merit.

Mercure, Crew III, White and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.