■ ERIN PALAZZOLO, Respondent, v ANTONIO PALAZZOLO, Appellant. [663 NYS2d 58] —In a matrimonial action, the defendant husband appeals from a Qualified Domestic Relations Order of the Supreme Court, Suffolk County (Henry, J.), dated May 29, 1996, which, *inter alia*, directed his pension fund to pay the plaintiff wife the sum of $695.64 per month from the defendant husband's disability pension.

Ordered that the order is affirmed, with costs.

The defendant joined the New York State Retirement System on January 29, 1973. The parties were married on May 6, 1978. The defendant retired on March 12, 1990, on an "accidental disability (Section 363)" pension, with a "service credit" of 17.12 years, and a final average salary of $56,355.30. The plaintiff commenced the present action on August 20, 1991.

The major issue on appeal concerns the Supreme Court's evaluation of the marital-property component of the defendant's accidental disability pension. Any compensation a spouse receives for personal injuries is "separate property" which is not subject to equitable distribution (*see,* Domestic Relations Law § 236 [B] [5] [b]). However, to the extent that the disability pension represents deferred compensation, it is subject to equitable distribution (*see, Dolan v Dolan,* 78 NY2d 463; *Mylett v Mylett,* 163 AD2d 463).

With respect to this issue, the Supreme Court credited the testimony of the plaintiff's expert. Disregarding the fact that the defendant's benefits were based, in some part, on his disability, the approach employed by this expert began with the assumption that, had the defendant stayed in service until his 20-year anniversary, he would have been entitled to benefits in the annual sum of $28,177.65, that is, 50% of his final average salary of $56,355.30. In order to account for the premarital portion of this hypothetical pension, the plaintiff's expert applied a fraction of 11.85/20 (the numerator being the duration of the marriage, measured in years, prior to the date of the defendant's retirement, the denominator being the 20 years of

hypothetical service) to arrive at a final figure of $16,695.26 per year, or $1,391.27 per month, as the marital-property portion of the disability pension noted above. This is significantly lower than the net disability pension benefits which the defendant actually receives, i.e., $3,311.89 per month for life.

We agree with the assertion made by the defendant that this approach is based, to some extent, on fiction. However, the alternative approach taken by the defendant's expert is likewise founded on assumptions which bear no relation to the reality of this case. The defendant's expert valued the marital property portion of the disability pension with reference to a hypothetical member of the retirement system who, without any disability, leaves the system prematurely, that is, after only 17.12, rather than 20 years. The defendant's retirement was not voluntary, as there is no convincing evidence that he would have retired as early as he did in the absence of a disability, particularly in light of the significant disadvantage associated with nondisability-related retirements prior to fulfillment of 20 years of service.

In resolving this factual dispute we note, initially, that the burden of distinguishing the marital property portion of a disability pension from the separate property portion has been placed on the recipient of the pension benefits who is resisting equitable distribution (*see, Carney v Carney,* 236 AD2d 574; *Parrish v Parrish,* 213 AD2d 928). In other words, until the contrary is demonstrated, the presumption is that the entire disability pension is marital property (*Carney v Carney, supra; Parrish v Parrish, supra*).

The approach taken by the plaintiff's expert, which is similar to that employed by the Courts in *Dolan v Dolan* (78 NY2d 463, 465, *supra*) is fundamentally sound. We note that, if the approach of the plaintiff's expert, which starts with the sum of $28,177.65, noted above, were expanded and refined by (a) applying a "coverture fraction" of 11.85/17.12, rather than 11.85/20, and (b) by reducing the product of the foregoing operation, i.e., $19,503.80, by applying the additional fraction 17.12/20, in order to account for the fact that the defendant was in service for only 17.12, rather than the full 20 years, the sum yielded for the marital portion of the pension would be the same as that arrived at by the plaintiff's expert, i.e., $16,695.26. We are satisfied that this amount, which equals $1,391.27 per month, represents the fairest estimation of the value of the marital property portion of the defendant's accidental disability pension as can possibly be calculated based on the evidence submitted by the parties. The court did not improvidently

exercise its discretion in determining that the plaintiff is entitled to 50% of the marital portion of the pension or $695.64 per month.

The defendant is incorrect in arguing that because his pension had no length-of-service requirement, it must be considered separate property. Neither *Dolan v Dolan (supra)* nor *Majauskas v Majauskas* (61 NY2d 481) "can be read as establishing a 'length of service' test for marital property" (*Olivo v Olivo,* 82 NY2d 202, 208).

The defendant's remaining contentions are without merit. Bracken, J. P., Copertino, Santucci and McGinity, JJ., concur.