■ CHERYL ALLWELL, Respondent, v GERALD C. ALLWELL, SR., Appellant. [716 NYS2d 741] —Spain, J. Appeal from a judgment of the Supreme Court (Dawson, J.), ordering, *inter alia*, the amount of plaintiff's child support obligation and subjecting defendant's pension to equitable distribution, entered July 21, 1999 in Essex County, upon a decision of the court.

The parties, the parents of two children, were divorced in July 1999 following a trial. The judgment of divorce, as relevant to this appeal, provided that the entirety of defendant's pension plan acquired during the marriage was marital prop-

erty subject to equitable distribution and establishing—nunc pro tunc—plaintiff's child support obligation at $25 per month. Defendant appeals.

Defendant concedes that plaintiff is entitled to share in his pension benefits (*see, Majauskas v Majauskas*, 61 NY2d 481, 485-486), but argues that Supreme Court improperly concluded that the entire benefit should be treated as marital property and should have recognized that a portion of those benefits constituted disability benefits not subject to equitable distribution. While it is true that the portion of a disability pension which represents compensation for personal injuries is separate property (*see*, Domestic Relations Law § 236 [B] [1] [d] [2]; *Dolan v Dolan*, 78 NY2d 463, 468), the party so claiming bears the burden of demonstrating what portion of the pension reflects compensation for personal injuries, as opposed to deferred compensation (*see, Palazzolo v Palazzolo*, 242 AD2d 688, 689; *Parrish v Parrish*, 213 AD2d 928). If evidence is not introduced sufficient to demonstrate that some portion of the pension is separate property, the entire pension amount will be treated as marital property (*see, Palazzolo v Palazzolo, supra*, at 689; *Parrish v Parrish, supra*, 928-929).

Here, Supreme Court properly found that defendant did not meet his burden of demonstrating that a portion of his pension represents compensation for personal injuries. Defendant did not introduce any evidence with respect to this issue, but relies on evidence submitted at trial by plaintiff. Although a forensic economist testified for plaintiff, he did not offer an opinion as to what portion of defendant's pension was composed of disability benefits or how that figure could be calculated. Likewise, a document from the State and Local Retirement System was introduced by plaintiff at trial which provided detailed information about defendant's pension, but defendant failed to make an argument before the court on how a figure could be calculated based on this information. Specifically, defendant now focuses on the fact that plaintiff's proof established a figure representing defendant's vested pension benefits and argues, therefore, that any benefit he received over and above that figure is necessarily attributable to disability benefits.

Even assuming that plaintiff's proof is sufficient to provide the raw data necessary to calculate what portion of the pension represented disability benefits, defendant never made an argument or introduced evidence demonstrating how the figures could be used to make such calculations. To the contrary, at trial defendant made the unsupported argument, abandoned here, that the whole amount of his pension is a dis-

ability benefit. Accordingly, defendant did not meet his burden of proof and Supreme Court properly subjected the entire pension to equitable distribution (*see, Parrish v Parrish, supra,* at 928-929).

We also reject defendant's challenge to Supreme Court's order of October 28, 1998 which—nunc pro tunc—established plaintiff's child support obligation for 1996 and the ensuing years at the minimum child support award amount of $25 per month (*see,* Domestic Relations Law § 240 [1-b] [d]). In its well-reasoned decision and order Supreme Court acknowledged that—in 1996—it had mistakenly failed to recognize that plaintiff's income was below the poverty level and thus properly exercised its inherent authority to correct its own order (*see, Halloran v Halloran,* 161 AD2d 562, 564; *Matter of McClusky v New York State Dept. of Envtl. Conservation,* 159 AD2d 1005, 1006, *lv denied* 76 NY2d 707). The court's determination in this respect is fully supported by the record.

Mercure, J. P., Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.