[751 NYS2d 124]

# Dawn M. Peek, Respondent, v William E. Peek, Appellant.

Third Department, December 5, 2002

APPEARANCES OF COUNSEL

*Gordon, Tepper & De Coursey*, Glenville (*Jennifer Powers Rutkey* of counsel), for appellant.

*The Asadourian Law Firm,* Plattsburgh (*Ara Asadourian* of counsel), for respondent.

OPINION OF THE COURT

KANE, J.

Plaintiff and defendant were married in 1974. The parties entered into a separation agreement in October 1993 that was later incorporated into a judgment of divorce on February 1994, which judgment was amended in May 1994. Defendant was employed as a correction officer for the Department of Correctional Services (hereinafter DOCS) for 17 years as of the date that plaintiff commenced the divorce proceeding. According to the separation agreement and judgment of divorce, plaintiff is to receive a share of defendant's pension with the New York State and Local Retirement Systems (hereinafter Retirement System) based upon the *Majauskas* formula (*see Majauskas v Majauskas*, 61 NY2d 481).

Defendant was injured on the job in May 1996, at which time he was a tier 3 member with a vested pension of 20.47 years of service credit with the Retirement System and could have applied for retirement benefits starting at the age of 55. However, since defendant was injured by the actions of an inmate, he became eligible for a disability benefit equal to 75% of his salary under Retirement and Social Security Law §§ 63 and 63-a. Because the disability pension provided improved benefits over those previously available, the Retirement System converted defendant's disability application to one for Retirement and Social Security Law § 63-a benefits in March 1997. Defendant retired effective May 29, 1997 and received a final determination and approval for the Retirement and Social Security Law § 63-a pension in March 1998.

In November 2000, plaintiff filed a motion seeking the issuance of a domestic relations order (hereinafter DRO) concerning defendant's retirement. Accompanying the motion was a proposed DRO that included the *Majauskas* division of defendant's disability pension. Defendant, inter alia, opposed the motion claiming that the pension was based solely on his disability and was, therefore, separate property not subject to equitable distribution. By written decision dated May 25, 2001, Supreme Court permitted entry of a DRO. Defendant there-

after moved for reconsideration, which was denied. Defendant now appeals from the denial of this motion, as well as the subsequent order of Supreme Court which issued the DRO. We affirm.

Initially, we reject defendant's contention that his Retirement and Social Security Law § 63-a pension are payments solely for personal injuries and are not subject to equitable distribution. In recognizing an increase in the number of injured correction officers, the amended version of Retirement and Social Security Law §§ 63-a and 507-b* is "intend[ed] to provide correction officers * * * a proper pension in cases of employment related disabilities." (Assembly Mem in Support, 1996 McKinney's Session Laws of NY, at 2655.) The Retirement and Social Security Law § 63-a pension eliminated the benefit discrepancy which had previously existed between tier 2, 3 and 4 employees and tier 1 employees and provides for a lifetime pension based upon 75% of the employee's salary, regardless of tier status, at the time that he or she is injured and is not, as defendant contends, solely to compensate an employee for personal injuries.

It is true that a "portion of a disability pension which represents compensation for personal injuries is separate property" and not deferred compensation (*Allwell v Allwell*, 277 AD2d 789, 790; *see Dolan v Dolan*, 78 NY2d 463, 468), but "the party so claiming bears the burden of demonstrating what portion of the pension reflects compensation for personal injuries, as opposed to deferred compensation" (*Allwell v Allwell, supra* at 790; *see Palazzolo v Palazzolo*, 242 AD2d 688, 689). Here, defendant incorrectly argues that "because his pension had no length-of-service requirement, it must be considered separate property" (*Palazzolo v Palazzolo, supra* at 690). In *Palazzolo*, the Second Department rejected a similar claim and accepted a formula based on a fraction of the duration of the marriage and a hypothetical number of years of service (*id.* at 689). Moreover, the Court determined that neither *Dolan v Dolan* (*supra*) nor *Majauskas v Majauskas* (61 NY2d 481, *supra*) could " 'be read as establishing a "length of service" test for marital property' " (*Palazzolo v Palazzolo, supra* at 690, quoting *Olivo v Olivo*, 82 NY2d 202, 208).

In the description of its benefits, the Retirement System membership publication clearly states that "retirement benefits are considered marital property and are subject to equitable

---

* The amendment became effective January 28, 1997.

distribution provisions of the Domestic Relations Law." Contrasted with defendant's unsupported argument, plaintiff here, through the Retirement System counsel, provided a formula to determine which portion of defendant's pension is subject to equitable distribution:

> "Were [defendant] to have taken a normal service retirement, he would have received, as a Tier 3 member with at least 20 years of credited service, a pension 1/50 of final average salary, less 50% of his primary social security benefit. This would be the portion of [defendant's] pension that is attributable to his salary and service. The difference between the * * * pension that [defendant] currently receives, and his service retirement, is the portion attributable to [defendant's] disability."

Neither the legislative history nor the Retirement System membership description suggests that a Retirement and Social Security Law § 63-a pension is solely for the purpose of compensating the employee for personal injuries. Significantly, defendant's accidental retirement pension replaces defendant's ordinary retirement pension, which had already vested. It is logical to conclude that the vested property rights are included in the accidental retirement pension to whatever extent they existed at the time of retirement. Accordingly, in light of defendant's failure to present evidence in support of his claim, we find that Supreme Court properly subjected the nondisability portion of the pension to equitable distribution (*see Allwell v Allwell, supra* at 791).

We also reject defendant's contention that Supreme Court erred in ordering that plaintiff receive benefits in arrears from defendant's pension. The separation agreement unambiguously states that "[defendant's] pension * * * is an asset subject to Equitable Distribution" and "[plaintiff] shall be entitled to receive an equitable share of such benefits if, *when* and as such benefits are paid to [defendant]" (emphasis added). Defendant began to receive retirement benefits in March 1998. Plaintiff did not waive her right to receive her property interest in defendant's pension beginning in March 1998 merely, as defendant asserts, by failing to file for a DRO as directed by the separation agreement. Plaintiff's submission of a DRO to the court with the final divorce papers is not a condition precedent to plaintiff receiving her property interest in defendant's pension. Instead, the time at which plaintiff was to receive her portion of the pension began when defendant started receiving

his benefits in March 1998. Thus, plaintiff is not receiving a windfall by collecting the arrears, but, rather, is receiving her property based on the clear intent of the separation agreement.

As a final matter, to the extent that defendant unsuccessfully sought to reargue and renew the motion, we find that Supreme Court properly treated it as a motion to renew by setting forth "new facts not offered on the prior motion" (CPLR 2221 [e] [2]). The motion was properly denied as he failed to demonstrate a justifiable excuse for waiting until June 2001, which was after plaintiff's motion for a DRO was granted, to obtain a letter from the Director of Retirement Services containing a formula for dividing a disability pension (*see* CPLR 2221 [e] [3]).

CREW III, J.P., CARPINELLO, MUGGLIN and ROSE, JJ., concur.

Ordered that the orders are affirmed, without costs.