■ LAURA CAFFREY, Respondent, v KENNETH CAFFREY, Appellant. [770 NYS2d 33]—

Judgment, Supreme Court, New York County (Joan Lobis, J.), entered March 28, 2003, dissolving the parties' marriage and distributing their property in accordance with the report of the

Special Referee, unanimously modified, on the law and the facts, to vacate (1) the distribution to plaintiff of the stock options that were granted to her during the marriage but vested after commencement of the action, and to remand for a calculation of the marital property portion thereof and a new distribution based thereon, and (2) the distribution of the marital property portion of defendant's IRA, and to remand for consideration of each party's equitable share of the tax consequences associated therewith and a new distribution based thereon, and otherwise affirmed, without costs.

The Special Referee erred in holding that such of plaintiff's stock options as were granted during the marriage as incentives for future services, but which vested after commencement of the action, are her separate property. Rather, the marital property portion of such options should have been determined by a fraction "the numerator [of which] is the period of time from the date of the grant until the end of the marriage, which is the earlier of the date of the separation agreement or the commencement of the matrimonial action and the denominator [of which] is the period of time from the date of the grant until the stock plan matures" (*DeJesus v DeJesus,* 90 NY2d 643, 652-653 [1997]). On remand, the court should provide a clear valuation of these options, and give reasons for selecting particular valuation dates. We otherwise reject defendant's claims with respect to plaintiff's stock options. His citations to the record do not support his claim that options with different vesting dates were treated as if they all vested on the date of the latest option. With respect to the Special Referee's deduction of the value of options that were acquired before the marriage but exercised and sold during the marriage, such options were plaintiff's separate property, and defendant fails to support his claim that the deduction artificially reduced the amount of other options that are indisputably marital property.

The court properly considered the appreciation in defendant's IRA account to be marital property since defendant actively managed the investments in the account (*see Price v Price,* 69 NY2d 8, 17 [1986]; *Cowles v Stahmer,* 255 AD2d 103, 104 [1998]), and the record does not support defendant's claim that only a portion of the appreciation was due to his active efforts as opposed to passive market forces. The interest and dividends realized in the account were as much a product of plaintiff's active efforts as was any appreciation in stock value. The record supports the finding that the account increased in value by $308,643, not $260,147 as defendant contends.

However, the Special Referee should have considered the tax

consequences associated with the distribution of the marital property portion of defendant's IRA account (Domestic Relations Law § 236 [B] [5] [d] [10]). Although defendant did not testify as to any such tax consequences, and, in fact, did not argue for such consideration in his posttrial brief (*compare Teitler v Teitler*, 156 AD2d 314, 316 [1989], *appeal dismissed* 75 NY2d 963 [1990]), it appears that the Special Referee, based on the documentary evidence, primarily plaintiff's tax returns, was able to reach conclusions as to the tax consequences of marital property in plaintiff's name, even rejecting her expert's calculations on this point. No reason appears why the Special Referee could not have made similar calculations of tax consequences with respect to the marital property portion of defendant's IRA account, based on his tax returns, which are also in the record, and such other documents as may be pertinent (*cf. id.*). On remand, such tax consequences are to be given consideration, or a finding made that such consideration, unlike with plaintiff's assets, is not possible based on the record documents.

No basis exists for disturbing the distribution to defendant of 20% of the assets held in plaintiff's name. The trial court has great flexibility in fashioning an equitable distribution of marital assets, and equitable distribution does not necessarily mean equal distribution (*Coburn v Coburn*, 300 AD2d 212 [2002]). The distribution here was equitably based on the fact that except for contributing a small percentage of their respective incomes to the payment of expenses, the parties kept their finances essentially separate. Concur—Buckley, P.J., Sullivan, Ellerin, Williams and Gonzalez, JJ.