■ ELEANOR NICHOLS, Respondent, v JAMES NICHOLS, Appellant. [797 NYS2d 139]—

Spain, J. Appeals (1) from a judgment of the Supreme Court (Bradley, J.), entered March 4, 2004 in Ulster County, inter alia, granting plaintiff a divorce and ordering equitable distribution of the parties' marital property, upon a decision of the court, and (2) from an order of said court, entered April 8, 2004 in Ulster County, which denied defendant's motion to set aside certain portions of the court's decision.

The parties were married in 1973 and have three children. The two oldest children were emancipated by the time of trial. Following a bench trial, Supreme Court granted plaintiff a divorce on the ground of cruel and inhuman treatment, distributed the marital property, and directed defendant to pay maintenance and child support. Defendant then, pursuant to CPLR 4404 (b), unsuccessfully sought an order setting aside certain portions of the decision. Defendant now appeals from both the judgment and the subsequent order denying his motion.

Initially, defendant contends that the evidence presented was insufficient to establish cruel and inhuman treatment. An action for divorce may be maintained on the ground of cruel and inhuman treatment when defendant's conduct "so endangers the physical or mental well being of the plaintiff as [to render] it unsafe or improper for the plaintiff to cohabit with the defen-

dant" (Domestic Relations Law § 170 [1]). In marriages of long duration, a higher degree of proof is required to establish "serious or substantial misconduct" (*Pfoltzer v Morris-Pfoltzer*, 9 AD3d 615, 616 [2004]).

In our view, Supreme Court's determination that defendant's conduct rose to that level was sufficiently supported in the record and reflected a provident exercise of the court's broad discretion (*see id.* at 616-617; *Collins v Collins*, 284 AD2d 743, 745 [2001]; *Gray v Gray*, 245 AD2d 584, 585 [1997]). Plaintiff testified to 30 years of cruel, authoritarian and demeaning treatment by defendant, whose behavior during the last five years of their marriage caused plaintiff to seek treatment for serious clinical depression (*see Conrad v Conrad*, 16 AD3d 794, 795 [2005]). Notwithstanding defendant's denials, Supreme Court's factual determinations and assessments of witness credibility are entitled to deference (*see Clarkson v Clarkson*, 103 AD2d 964, 964-965 [1984]).

Turning to the issue of maintenance, we find that although Supreme Court failed to articulate the statutory factors which shaped its award (*see* Domestic Relations Law § 236 [B] [6] [a] [1]-[11]; [b]), the record before us is sufficient to conduct our own review (*see Wojewodzic v Wojewodzic*, 300 AD2d 985, 986 [2002]). Here, defendant earns $96,910 annually,* while plaintiff receives only $18,056 annually from a disability retirement pension and earnings from part-time employment. Given plaintiff's age and poor health, the gross disparity between the parties' incomes and the unlikelihood of plaintiff becoming self-supporting, we find that Supreme Court did not abuse its discretion in fixing maintenance at $350 per week until she is 62, a period of six years.

We also reject defendant's claim that Supreme Court's unequal equitable distribution award was in error. As with awards for maintenance, equitable distribution is left to the discretion of Supreme Court, which must examine and explain the statutory factors considered (*see Smith v Smith*, 8 AD3d 728, 729 [2004]; *Lincourt v Lincourt*, 4 AD3d 666, 666 [2004]). While Supreme Court failed to specifically list the statutory factors which shaped its determination, our full review of the record supports the court's conclusions, from which we decline to depart (*see Solomon v Solomon*, 307 AD2d 558, 560 [2003], *lv denied* 1 NY3d 546 [2003]; *Harrington v Harrington*, 300 AD2d 861, 862 [2002]; *Butler v Butler*, 256 AD2d 1041, 1044 [1998], *lv denied* 93 NY2d 805 [1999]).

---

* Defendant's claimed income is $84,910 combined with $12,000 in his annual contribution to his tax-deferred savings plan account.

While Supreme Court distributed the majority of the parties' assets equally, defendant takes issue with the distribution of the parties' automobiles and plaintiff's disability retirement pension. The court awarded the 2002 Buick to plaintiff and the 1998 Honda CRV and a 2003 Pontiac to defendant, denying defendant's request for a credit for an alleged difference in the values of the vehicles when the debt on the Pontiac is factored in. While the record contains documentary evidence of the approximate value of the Honda and Buick, defendant failed to tender sufficient proof of the value of or debt on the Pontiac. In the absence of any more specific evidence, we cannot say that the court abused its discretion in denying a credit.

We agree with defendant, however, that Supreme Court may have erred in allowing plaintiff to retain the entirety of her pension. Plaintiff proffered no evidence to show that the full proceeds from the disability pension are based upon her injury. If plaintiff made any deferred compensation pension contributions for the short period she worked while married, they would constitute marital property (see Peek v Peek, 301 AD2d 201, 203 [2002], lv denied 100 NY2d 513 [2003]; Allwell v Allwell, 277 AD2d 789, 790 [2000]). As the record is devoid of any evidence concerning deferred compensation and the length of time that plaintiff was employed with the Veteran's Administration, we are unable to discern how much, if any, of the pension is marital property (see Valachovic v Valachovic, 9 AD3d 659, 660 [2004]). Thus, the issue should be remitted to Supreme Court to determine whether any amount of plaintiff's pension was marital property and, if so, distribution in its discretion and in accordance with the enumerated statutory factors (see id.).

We next reject defendant's contention that it was premature for Supreme Court to consider his responsibility for their youngest son's college expenses, given that the son, 17 years of age at the time, was an excellent student with ambitions of attending college, and inasmuch as defendant himself graduated from college as an electrical engineer (see Domestic Relations Law § 240 [1-b] [c] [7]; Manno v Manno, 196 AD2d 488, 491 [1993]; cf. Tan v Tan, 260 AD2d 543, 543 [1999]).

On the other hand, defendant correctly argues that Supreme Court should have included the maintenance award in its calculation of defendant's share of unreimbursed health expenses and college expenses. The percentage of unreimbursed health care costs for the marital children is pro rated in the "same proportion as each parent's income is to the combined parental income" (Domestic Relations Law § 240 [1] [d]) and the same formula is generally used in computing each parent's

share of the children's future educational expenses. In computing the combined parental income, the spouse obligated to pay maintenance is entitled to have that amount deducted from his or her income (*see* Domestic Relations Law § 240 [1-b] [b] [4], [5] [vii] [C]), while the spouse in receipt of the maintenance will experience an increase in income (*see* Domestic Relations Law § 240 [1-b] [b] [4], [5] [iv]). Here, plaintiff receives approximately $18,056 annually in income and defendant earns $96,910. After reducing defendant's salary by $18,200—the annual amount of his $350 weekly maintenance obligation—defendant's income for purposes of his unreimbursed health care obligation is $78,710. In turn, plaintiff's income has increased by $18,200. Thus, defendant's percentage of the combined parental income ($114,966) is 68.5%, requiring that defendant's pro rata obligation for their son's college expenses and unreimbursed health care expenses be reduced from 88.5% to 68.5%.

We next address defendant's assertion that Supreme Court erred in failing to modify its pendente lite maintenance and child support order when plaintiff delayed moving out of the marital residence until nine weeks after the pendente lite award became effective (*see* Domestic Relations Law § 236 [B] [9] [b]). In our view, plaintiff's delay in vacating the marital residence, owing in part to her sudden added financial obligation to pay for auto insurance for herself and her son's car and rent on the new apartment, does not represent a substantial change in circumstances so as to require modification of the pendente lite order.

We also reject defendant's assertion that Supreme Court erred in denying his motion seeking all of the personal property remaining in the marital residence as of the time of the trial, based on his contention that plaintiff had already removed certain marital property from the home prior to the court's decision. In its decision, Supreme Court directed the parties to review the list of personalty attached to defendant's statement of net worth and distribute what they could agree on and to then select—alternately—the remaining disputed items until all were distributed. While plaintiff had moved out of the marital residence and removed some items of personal property, this conduct could not have violated Supreme Court's yet to be issued decision, as defendant contends, and did not jeopardize the parties' ability to utilize the court ordered alternate selection process, as defendant may still select items of marital property taken by plaintiff.

Finally, defendant's assertion that Supreme Court erred in

granting plaintiff counsel fees has merit. For an award of counsel fees to be justified, there must exist a sufficient evidentiary basis for the court to evaluate the value of the services rendered (*see Yarinsky v Yarinsky*, 2 AD3d 1108, 1110 [2003]; *Barnaby v Barnaby*, 259 AD2d 870, 872 [1999]). Here, although both counsel agreed to submit affidavits of services rendered, the record reveals that no proof was submitted. Accordingly, the award of counsel fees should be vacated and the matter remitted for a redetermination as to this issue (*see Cynoske v Cynoske*, 8 AD3d 720, 724 [2004]; *Schultz v Schultz*, 309 AD2d 1020, 1021-1022 [2003]).

Cardona, P.J., Crew III, Lahtinen and Kane, JJ., concur. Ordered that the judgment and order are modified, on the law and the facts, without costs, by reversing so much thereof as granted plaintiff counsel fees, as allowed plaintiff to retain her disability pension in its entirety, and as ordered defendant to pay 88.5% of unreimbursed medical and dental expenses and college expenses incurred by the parties' youngest son; reduce defendant's pro rata share of said college expenses and unreimbursed medical and dental expenses from 88.5% to 68.5% and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.