■ CHARLES R. CAMERON, Appellant, v SUSAN A. CAMERON, Respondent. [802 NYS2d 542]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Rogers, J.), entered April 1, 2004 in St. Lawrence County, ordering, inter alia, equitable distribution of the parties' marital property, upon a decision of the court.

The parties herein were married in 1956 and have five adult children. They separated in 1999 and plaintiff thereafter commenced this divorce action. In 2001, the parties entered into a partial stipulation regarding the distribution of certain assets. Following a trial on the remaining issues, Supreme Court granted both parties a divorce based on the allegations in the complaint and counterclaim, distributed the marital property, directed plaintiff to pay defendant permanent maintenance in the amount of $200 per month and granted defendant's request for counsel fees. Both the court's order and the parties' stipula-

tion were incorporated but not merged with the judgment of divorce. This appeal by plaintiff ensued.

Initially, we agree with plaintiff that Supreme Court erred in its distribution of defendant's New York State disability pension and plaintiff's pension. It is well settled that while "the portion of a disability pension which represents compensation for personal injuries is separate property" (*Allwell v Allwell*, 277 AD2d 789, 790 [2000]), the disability pension is subject to equitable distribution to the extent that it represents deferred compensation to which the employee would have been entitled but for the injuries (*see Dolan v Dolan*, 78 NY2d 463, 468 [1991]; *Peek v Peek*, 301 AD2d 201, 203-204 [2002], *lv denied* 100 NY2d 513 [2003]). Moreover, it is the party claiming that the disability pension is separate property who "bears the burden of demonstrating what portion of the pension reflects compensation for personal injuries, as opposed to deferred compensation" (*Allwell v Allwell, supra* at 790; *see Peek v Peek, supra* at 203; *Palazzolo v Palazzolo*, 242 AD2d 688, 689 [1997]). Here, the record contains no evidence regarding the length of time that defendant held her job as a part-time school bus driver, other than plaintiff's testimony that it was approximately 11 or 12 years, or what percentage of the pension benefits are based upon defendant's injury. As such, defendant failed to meet her burden of demonstrating what portion, if any, of her New York State ordinary disability retirement benefits represent compensation for personal injuries and Supreme Court erred in determining that the pension was defendant's separate property. We therefore remit this matter to Supreme Court for equitable distribution of the entire pension (*see Allwell v Allwell, supra* at 790-791; *see generally Nichols v Nichols*, 19 AD3d 775, 778 [2005]).

Further, Supreme Court miscalculated the marital portion of plaintiff's pension. The parties stipulated that plaintiff's pension would be distributed pursuant to the formula set forth in *Majauskas v Majauskas* (61 NY2d 481, 494 [1984]), which provides that a pension is marital property "except to the extent that it is earned before marriage or after commencement of a matrimonial action" (*id.* at 490). Although Supreme Court recognized that plaintiff began working—and, thus, earning his pension—more than two years prior to the parties' marriage, the court improperly treated plaintiff's entire pension as marital property. In addition, despite plaintiff's testimony and documentary evidence regarding the tax consequences associated with his pension, the court did not take those consequences into account, as required by Domestic Relations Law § 236 (B)

(5) (d) (10) (*see Chiotti v Chiotti*, 12 AD3d 995, 997 [2004]; *Johnson v Johnson*, 297 AD2d 279, 281 [2002]; *cf. Chase v Chase*, 208 AD2d 883, 884-885 [1994]). Thus, on remittal, Supreme Court should distribute only the marital portion of plaintiff's pension and do so in a manner that gives appropriate consideration to any tax consequences (*see Van Dyke v Van Dyke*, 273 AD2d 589, 593 [2000]; *see also Caffrey v Caffrey*, 2 AD3d 309, 311 [2003]).

We also agree with plaintiff that Supreme Court erred in its valuation of the parties' house in the Town of Lisbon, St. Lawrence County. The parties stipulated that the house was to be distributed to defendant, but were unable to agree on its value. Contrary to defendant's assertions, there is no evidence of any written agreement requiring the parties to transfer the house to Kim Davis, their daughter. Further, both parties listed Davis's monthly payments as rental income on their income tax returns, and both assert that the house is marital property subject to equitable distribution. We therefore agree with plaintiff that inasmuch as the house is a marital asset with an unrefuted value of $49,000, Supreme Court abused its discretion in valuing the house at $12,852—the balance of the amount that Davis purportedly agreed to pay the parties in exchange for the house.

We reject, however, plaintiff's remaining contentions, which are either unpreserved or otherwise lacking in merit. Given plaintiff's contumacious conduct and obstructionist tactics at trial, we conclude that Supreme Court did not abuse its discretion in awarding defendant counsel fees (*see Markov v Markov*, 304 AD2d 879, 880 [2003]). In light of our decision, we note that a prompt redetermination of plaintiff's maintenance obligation, in addition to a prompt redistribution of the marital portion of the parties' assets discussed herein, is necessary upon remittal (*see e.g. McAteer v McAteer*, 294 AD2d 783, 785 [2002]).

Crew III, Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as ordered distribution of defendant's New York State ordinary disability retirement benefits, plaintiff's pension and the parties' real property in the Town of Lisbon, St. Lawrence County, and as ordered plaintiff to pay $200 per month in maintenance; matter remitted to the Supreme Court for a redetermination of the equitable distribution of the parties' property and plaintiff's maintenance obligation; and, as so modified, affirmed.