■ FRANK MONTERO, Appellant, v KAREN McFARLAND, Respondent. [895 NYS2d 257]—

---

McCarthy, J. Appeal from an order of the Supreme Court (Devine, J.), entered May 18, 2009 in Schoharie County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.

In 1998, the parties entered into a stipulation that was incorporated into, but did not merge with, their judgment of divorce. The stipulation provided that plaintiff's pension with his employer would be divided between the parties pursuant to the *Majauskas* formula (*see Majauskas v Majauskas*, 61 NY2d 481 [1984]). In 2007, when plaintiff was below the age at which he could receive an ordinary pension, he retired and began receiving a disability pension. Defendant applied for and began receiving a portion of those pension benefits. In 2008, Supreme Court issued a qualified domestic relations order (hereinafter QDRO) which directed that defendant not receive benefits from plaintiff's pension until plaintiff reached the age of 62, and any disability annuity payments would not be included in calculating defendant's share.[1] The pension plan administrator, indicating that it was bound by the QDRO, then informed defendant that she would not receive any further payments until 2018.

Plaintiff commenced this action seeking the return of the pension funds previously paid to defendant. Defendant counterclaimed and moved for, among other things, summary judgment and to vacate or amend the QDRO to permit her to immediately receive her portion of the pension benefits. Supreme Court dismissed the complaint, vacated the 2008 QDRO and issued an amended QDRO which entitled defendant to her portion of plaintiff's pension benefits without any age limitation, retroactive to 2008. Plaintiff appeals.

Defendant was entitled to summary judgment dismissing the complaint. While compensation for personal injuries constitutes separate property (*see* Domestic Relations Law § 236 [B] [1] [d] [2]), the party claiming that a portion of a disability pension is separate property "bears the burden of demonstrating what

---

1. Defendant contends that she was not on notice that this QDRO was presented to or signed by Supreme Court.

portion of the pension reflects compensation for personal injuries, as opposed to deferred compensation'' related to the length of employment that the employee would have been entitled to receive regardless of the injury (*Allwell v Allwell*, 277 AD2d 789, 790 [2000]; *see Cameron v Cameron*, 22 AD3d 911, 912 [2005]; *Palazzolo v Palazzolo*, 242 AD2d 688, 689 [1997]). Plaintiff submitted only his conclusory and self-serving affidavit stating that his pension benefits were entirely attributable to a personal injury and therefore separate property. He failed to verify his disability with proof from a medical professional or his employer, or even state what his disability is. Even if he suffers from a disability and was retired on that basis, the record fails to demonstrate that no portion of his pension benefits represent deferred compensation.[2] As plaintiff did not meet his burden of establishing that a portion of his pension benefits are separate property, the court correctly determined that his entire pension was marital property subject to equitable distribution (*see Allwell v Allwell*, 277 AD2d at 790-791). Thus, defendant was entitled to summary judgment dismissing the complaint.

Supreme Court properly vacated the 2008 QDRO and issued an amended QDRO. A QDRO based upon a settlement can only convey those rights agreed to by the parties; a court may not grant a QDRO with terms that differ from the terms of the stipulation of settlement (*see McCoy v Feinman*, 99 NY2d 295, 304 [2002]). The stipulation here awarded defendant a portion of plaintiff's pension, without limiting it to ordinary retirement benefits as opposed to disability retirement benefits, and without any age restrictions (*compare Rosenberger v Rosenberger*, 63 AD3d 898, 900 [2009]). The 2008 QDRO containing such limitations and restrictions did not comport with the terms of the settlement. Hence, the court appropriately vacated that QDRO and issued an amended QDRO that complied with the stipulation (*see Zebrowski v Zebrowski*, 28 AD3d 883, 884-885 [2006]; *Ross v Ross*, 16 AD3d 713, 714-715 [2005]; *cf. Wojtaszek v Wojtaszek*, 64 AD3d 1035, 1036 [2009]; *Smith v Smith*, 59 AD3d 905, 906-907 [2009]).

Plaintiff's remaining contentions have been reviewed and found to be without merit.

Mercure, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

---

2. Plaintiff also submitted federal law providing definitions regarding postal service disability pensions. Those submissions did not meet his burden, as they do not delineate the amount of his individual pension attributable to a disability as opposed to the amount representing deferred compensation.