■ AMY LEGOW COHN, Respondent-Appellant, v CHARLES D.F. COHN, Appellant-Respondent. [913 NYS2d 653]—

Judgment, Supreme Court, Bronx County (Ellen Gesmer, J.), entered June 4, 2009, after trial, inter alia, granting plaintiff a divorce by reason of abandonment by defendant, unanimously modified, on the law and the facts and in the exercise of discre-

tion, to the extent of striking the 6th decretal paragraph granting defendant a credit for interest charged in the amount of $40,000, and the 9th decretal paragraph granting plaintiff a credit of $128,212.18 for payments associated with defendant's prior divorce, adjusting the 3rd, 7th, 16th and 17th decretal paragraphs to reflect such changes, removing the 12th decretal paragraph relating to defendant's future residual income and replacing it with "ORDERED AND ADJUDGED that the Defendant's future residual income is found to be marital property and the Plaintiff is awarded the sum of $7,500 representing half the stipulated value of the future income; and it is further," and remanding this matter for consideration of the tax consequences to both parties of the equitable distribution of retirement assets and for such other proceedings as are necessary to determine the amount of the credit to defendant for interest charged, and otherwise affirmed, without costs.

Plaintiff is not entitled to a credit for monies paid by defendant during the marriage to satisfy spousal maintenance, child support and other legal obligations to his previous wife and their son (see *Mahoney-Buntzman v Buntzman*, 12 NY3d 415 [2009]). Nor is she entitled to recoup spousal maintenance from a previous marriage that was lost by virtue of her marriage to defendant.

The trial court, having considered the tax consequences to plaintiff in distributing the marital share of her pension funds to defendant, should, in fairness, have given such consideration to the distribution of defendant's retirement assets (see *Caffrey v Caffrey*, 2 AD3d 309 [2003]).

The trial court correctly noted that the precise amount of the interest attributable to the debt incurred for the acquisition and renovation of the marital home could not be determined; that defendant had obtained a tax benefit by deducting the interest payments from his investment income; and that plaintiff had overpaid her 50% share of the interest during a certain period of some 2½ years. For these reasons, the trial court correctly found that it could not determine the actual net cost to defendant of paying the interest on the debt. Nonetheless, and without explaining how it determined the amount of the credit, the trial court awarded defendant a credit of $40,000 against the equitable distribution award. Although the award should be vacated, we think it appropriate, particularly because some credit to defendant concededly is warranted, to remand for such further proceedings as are necessary to address the matters noted by the trial court and to determine the amount of the credit.

There is no basis in the record for disturbing the parties'

valuation of defendant's future residual income. Accordingly, the court's equitable distribution of that income should not have been contingent on any factors.

Plaintiff has not established his entitlement to counsel fees pursuant to Domestic Relations Law § 237 (*see Silverman v Silverman*, 304 AD2d 41 [2003]). Concur—Mazzarelli, J.P., Friedman, McGuire, Renwick and Richter, JJ.