■ Scott M. Pankoff, Appellant-Respondent, v Lisa B. Pankoff, Respondent-Appellant. [924 NYS2d 341]—

Judgment, Supreme Court, New York County (Deborah A. Kaplan, J.), entered October 26, 2010, directing, inter alia, that plaintiff pay basic child support of $6,625 per month commencing October 1, 2010, and 100% of unreimbursed health, medical, dental, child care, tutoring and school costs to be recalculated upon emancipation of the elder child, plus spousal maintenance of $9,000 per month for seven years; awarding defendant 10% of the value of plaintiff's enhanced earning capacity; finding that plaintiff wastefully dissipated $300,000 of marital assets; and awarding defendant counsel and expert fees, unanimously modified, on the law, the facts and in the exercise of discretion, basic child support reduced to $4,333 per month, plaintiff's share of unreimbursed expenses reduced to 65%, and otherwise affirmed, without costs.

Although the court properly utilized plaintiff's 2009 income, $525,000, in determining his child support obligations, the court erred in not attributing income to defendant in calculating her pro rata share of support obligations (see Domestic Relations

Law § 240 [1-b] [b] [5] [iv]). Instead, the court should have utilized defendant's 2009 income, which it found to be $93,400, as well as the maintenance award, $108,000 per year, in its calculation of the combined parental income and of each party's share of both the basic child support obligations and unreimbursed expenses (see Nichols v Nichols, 19 AD3d 775 [2005]). Thus, plaintiff's percentage of the combined parental income is reduced to 65% for the purposes of calculating his share of basic child support and unreimbursed expenses.

Given that plaintiff had a long track record of securing employment with substantial income, and that defendant, who historically earned a fraction of plaintiff's salary, was unemployed at the close of the trial, that defendant supported plaintiff's career choices throughout the marriage, and given their predivorce standard of living, the court properly awarded plaintiff $9,000 per month in maintenance (see Hartog v Hartog, 85 NY2d 36, 51-52 [1995]).

We decline to disturb the trial court's finding that plaintiff dissipated $300,000 of marital assets. That determination rests largely on the court's assessment of the credibility of the parties (see Azizo v Azizo, 51 AD3d 438, 440 [2008]). Plaintiff's financial misconduct, in recklessly engaging in conduct leading to his forced resignation and triggering an obligation to repay a forgivable mortgage, was distinct from his marital fault.

The court providently exercised its discretion by awarding defendant 10% of plaintiff's enhanced earnings capacity. The record on appeal demonstrates defendant's economic and noneconomic contributions to plaintiff's license and career during the marriage (see Holterman v Holterman, 3 NY3d 1, 8-9 [2004]).

The court's award of counsel and expert fees appropriately reflects the parties' economic disparity, the complexity of the litigation, and the evidence of the nature and extent of the legal and appraisal services rendered, and is otherwise a proper exercise of discretion (see O'Shea v O'Shea, 93 NY2d 187, 190 [1999]).

We have considered the parties' remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, Acosta, Freedman and Abdus-Salaam, JJ.