*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    June 2, 2016                    521952
_____

SHERILYN F. VAN ORDEN,
                    Respondent,
        v                                      MEMORANDUM AND ORDER

RICHARD E. VAN ORDEN,
                    Appellant.
_____


Calendar Date:    April 20, 2016

Before:   Lahtinen, J.P., McCarthy, Devine, Clark and Mulvey, JJ.


                    _____


        Bailey, Kelleher & Johnson, PC, Albany (John W. Kraigenow
of counsel), for appellant.

        Cynthia Feathers, Glens Falls, for respondent.


                    _____


McCarthy, J.

        Appeal from an order of the Supreme Court (Connolly, J.),
entered January 22, 2015 in Albany County, which, among other
things, denied defendant's motion to amend a prior domestic
relations order.

        Plaintiff (hereinafter the wife) and defendant (hereinafter
the husband) were divorced in December 1999 pursuant to a
judgment of divorce that incorporated, but did not merge, the
terms of a stipulated partial settlement agreement regarding the
division of certain specified property, including the husband's
New York State and Local Employees' Retirement System pension.
In January 2011, shortly after the husband retired, the wife
moved for entry of a domestic relations order (hereinafter DRO)
awarding her a marital share of the husband's pension valued as
of the date of his retirement — namely, September 28, 2010.  The

husband cross-moved for entry of a different DRO awarding the wife a marital share of his pension valued as of the date of commencement of the divorce action, which was May 21, 1998. The difference in the parties' interpretation of the proper DRO related to their different interpretations of the provision in the separation agreement related to the division of the husband's pension. Eventually, this Court found that the terms of the parties' settlement agreement entitled the wife to the marital portion of the husband's pension "as valued at the time of the commencement of the divorce action," May 21, 1998 (96 AD3d 1129, 1130 [2012]). After supplying the ordered DRO to the Retirement System, the husband became aware that the wife was receiving a portion of the pension benefits derived from the application of Retirement and Social Security Law article 19 (hereinafter article 19) and a retirement incentive program in 2010 (hereinafter the 2010 incentive program) (see generally Retirement and Social Security Law § 902 [a] [1]). Those benefits provided additional years of service credit towards the husband's pension based on his decision to retire, in 2010, in a manner consistent with the 2010 incentive program, and those benefits had not been available to him in 1998. The husband thereafter moved to amend the DRO to incorporate amendments clarifying that the wife was not entitled to share in the benefits derived from article 19 and the 2010 incentive program. The wife opposed husband's motion and cross-moved for an award of counsel fees. Supreme Court thereafter denied the husband's motion to amend and the wife's cross motion for counsel fees. The husband now appeals.

"A proper [DRO] obtained pursuant to a stipulation of settlement can convey only those rights to which the parties stipulated as a basis for the judgment" (McCoy v Feinman, 99 NY2d 295, 304 [2002]; see Kraus v Kraus, 131 AD3d 94, 100 [2015]). "If a [DRO] is inconsistent with the provisions of a stipulation or judgment of divorce, courts possess the authority to amend the [DRO] to accurately reflect the provisions of the stipulation pertaining to . . . pension benefits" (Kraus v Kraus, 131 AD3d at 100 [internal quotation marks and citations omitted]; see Montero v McFarland, 70 AD3d 1282, 1284 [2010]).

Initially, we conclude that this Court's previous interpretation of the meaning of the parties' settlement agreement is law of the case. In assessing the propriety of the competing DROs that the parties' originally proposed, this Court directly passed on the meaning of the relevant provision in the settlement agreement relating to the husband's pension (96 AD3d at 1130), and the meaning of that provision was essential to determining the proper contents of a DRO (see Scofield v Trustees of Union Coll., 288 AD2d 807, 808 [2001]; Brown v State of New York, 250 AD2d 314, 320 [1998]). Accordingly, as this Court has previously determined, the parties had agreed that the wife's "share of the pension emanates exclusively from the marital portion as valued at the time of the commencement of the divorce action," May 21, 1998 (96 AD3d at 1130).

Supreme Court erred by concluding that the current DRO, rather than the parties' settlement agreement, governed the parties' rights in relationship to the husband's pension. We agree with the husband that he is entitled to an amended DRO that clarifies that the wife has no right to share in benefits that he received pursuant to article 19 and the 2010 incentive program. A pension benefit valued as of 1998 cannot account for benefits that he only became eligible for at a later time; the wife's contention to the contrary contravenes the language of the agreement by assessing the portion of the pension attributable to the husband's work up until 1998 based upon a valuation of the pension as of 2010. Contrary to the wife's further contention, the fact that her interpretation of the agreement would be consistent with a statutory assessment of marital property in relationship to pension benefits (compare Olivo v Olivo, 82 NY2d 202, 209 [1993]; see generally Domestic Relations Law § 236 [B] [1] [c]) is of no moment; the rights in the pension were settled by the parties' unambiguous agreement to fix the pension's value at a set date and not by statutory principles of marital property. Accordingly, we find that the DRO ought to be modified to reflect that the wife is not entitled to benefits stemming from article 19 and the 2010 incentive program, as the settlement agreement valued the pension as of 1998 (see Montero v McFarland, 70 AD3d at 1284; Berardi v Berardi, 54 AD3d 982, 986 [2008]). The parties' remaining contentions have been considered and are found to be either academic or without merit.

Lahtinen, J.P., Devine, Clark and Mulvey, JJ., concur.


ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion to amend the domestic relations order; motion granted to the extent of amending said domestic relations order to add provisions directing the New York State and Local Employees' Retirement System to exclude plaintiff from sharing in the benefits derived from the additional service credits provided by the application of Retirement and Social Security Law article 19 and the retirement incentive program in 2010 and matter remitted to the Supreme Court for entry of an amended domestic relations order in accordance with this Court's decision; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court