Miszko v Miszko (2018 NY Slip Op 05241)





Miszko v Miszko


2018 NY Slip Op 05241


Decided on July 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 12, 2018

525199

[*1]SUSAN E. MISZKO, Respondent,
v
MICHAEL MISZKO JR., Appellant.

Calendar Date: June 7, 2018

Before: Garry, P.J., McCarthy, Lynch, Devine and Mulvey, JJ.


Steven H. Klein & Associates, PC, Poughkeepsie (Steven H. Klein of counsel), for appellant.
Jay A. Kaplan PC, Kingston (Jay A. Kaplan of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the Supreme Court (Work, J.), entered December 23, 2016 in Ulster County, ordering, among other things, equitable distribution of the parties' marital property, upon two decisions of the court.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 1970 and have no unemancipated children. The wife commenced an action for divorce in 2011 that alleged an irretrievable breakdown in the marriage, and there was no dispute that such a breakdown had occurred (see Domestic Relations Law § 170 [7]). Supreme Court conducted a nonjury trial on the issues of equitable distribution and maintenance. Thereafter, Supreme Court issued two orders that resolved disputes over the status of certain assets and detailed its distributive and maintenance awards. Supreme Court issued a judgment of divorce that incorporated the terms of those orders, and the husband appeals.
We affirm. The husband challenges a number of aspects of Supreme Court's equitable distribution award. In that regard, "while the method of equitable distribution of marital property is properly a matter within the trial court's discretion, the initial determination of whether a particular asset is marital or separate property is a question of law" (DeJesus v DeJesus, 90 NY2d 643, 647 [1997]; accord Mula v Mula, 131 AD3d 1296, 1299 [2015]). Once that initial determination is made, "absent an abuse of . . . discretion or a failure to consider the requisite statutory factors, this Court will not disturb [the subsequent] determination" as to the distribution of the marital assets (Gordon-Medley v Medley, 160 AD3d 1146, 1148 [2018]).
First, the husband argues that Supreme Court erred in categorizing his accidental disability retirement pension as marital property. Notwithstanding the husband's unpersuasive attempts to challenge the rule, it is well-settled that "compensation for personal injuries constitutes separate property, [but] the party claiming that a portion of a disability pension is separate property 'bears the burden of demonstrating what portion of the pension reflects compensation for personal injuries, as opposed to deferred compensation' related to the length of employment that the employee would have been entitled to receive regardless of the injury" (Montero v McFarland, 70 AD3d 1282, 1283-1284 [2010] [internal citation omitted], quoting Allwell v Allwell, 277 AD2d 789, 790 [2000]; see Dolan v Dolan, 78 NY2d 463, 468 [1991]; Peek v Peek, 301 AD2d 201, 203 [2002], lv denied 100 NY2d 513 [2003]). The husband is a tier 1 member of the New York State Police and Fire Retirement System and, upon his retirement in 1990, had almost 18 years of credited service. Inasmuch as the parties were married in 1970, these vested pension rights were largely marital property (see Majauskas v Majauskas, 61 NY2d 481, 491-492 [1984]). The husband failed to meet his burden of showing what portion of his pension was attributable to his injuries as opposed to these vested pension rights, instead advancing the legally and factually unsupported claim "that the whole amount . . . is a disability benefit" (Allwell v Allwell, 277 AD2d at 790-791). As such, Supreme Court correctly treated the entire pension as a marital asset (see Montero v McFarland, 70 AD3d at 1284; Allwell v Allwell, 277 AD2d at 790-791).
Supreme Court also correctly determined that an investment account and an interest in certain real property were the wife's separate property. The wife and her sister inherited funds from their aunt, the wife placed her share in an investment account that was never placed in the husband's name and the husband failed to show that this separate property was later transmuted into marital property via a commingling of marital funds (see Domestic Relations Law § 236 [B] [1] [d] [1]; Mula v Mula, 131 AD3d at 1299). The wife and her sister similarly inherited their mother's residence, and the husband failed to demonstrate "that any increase in the value of [that] separate property was due at least in part to [his] contributions or efforts" (Robinson v Robinson, 133 AD3d 1185, 1187 [2015]; see Domestic Relations Law § 236 [B] [1] [d] [3]; Owens v Owens, 107 AD3d 1171, 1173 [2013]). The fact that rental income and expenses relating to that property were reported on the parties' joint tax return likewise fails to "transmute the separate property to marital property" (Giannuzzi v Kearney, 160 AD3d 1079, 1081 [2018]). Accordingly, Supreme Court properly determined that both the investment account and real property interest were the wife's separate property.
As for the distribution of the marital assets, Supreme Court considered the factors set forth in Domestic Relations Law § 236 (B) (5) (d) and directed a near equal division of those assets. Supreme Court focused upon the very long duration of the marriage, the equivalent ages of the parties, the substantial financial and nonfinancial contributions made by both, and the career sacrifices made by the wife to raise the parties' children while the husband worked full time and later attended law school. Supreme Court further rejected the husband's claim that the wife had intentionally attempted to shield her separate assets from him. "Substantial deference is accorded to the trial court's determination regarding equitable distribution so long as the requisite statutory factors were considered" — which, contrary to the husband's contention, they were — and we perceive no abuse of discretion in the equal division of assets (Shapiro v Shapiro, 91 AD3d [*2]1094, 1095 [2012] [citations omitted]; accord Halse v Halse, 93 AD3d 1003, 1004 [2012]).[FN1]
Lastly, Supreme Court did not err by awarding nondurational maintenance to the wife in an amount subject to reduction once she receives her share of the husband's accidental disability retirement pension. "The record reflects that Supreme Court considered the relevant statutory factors, giving particular emphasis to the disparity between the parties' incomes, [the fact that they had reached retirement] age, [and the wife's] lack of assets" (Brzuszkiewicz v Brzuszkiewicz, 28 AD3d 860, 862 [2006]; see Domestic Relations Law § 236 [B] [former (6) (a)]; Johnston v Johnston, 156 AD3d 1181, 1184 [2017], appeal dismissed ___ NY3d ___ [June 26, 2018]). The husband was less than forthcoming about his financial situation, but the record leaves no doubt that he lives on a comfortable income that exceeds his expenses. In contrast, the wife lives on a far more limited Social Security and pension income supplemented by wages from part-time, menial work. The husband's suggestion, reiterated on this appeal, that the now 71-year-old wife should continue to "work[] for minimum wage at menial jobs" to supplement her fixed income was rightly rejected by Supreme Court. The husband's additional argument that income should be imputed to the wife as a result of her living in a home that she inherited from her mother and cannot afford to maintain is not well-taken (see Carl v Carl, 58 AD3d 1036, 1037 [2009]; Spencer v Spencer, 298 AD2d 680, 681 [2002]). In short, it was not an abuse of discretion for Supreme Court to determine from the foregoing that maintenance was warranted in an amount that covered the wife's modest living expenses while permitting the husband to meet his own (see Carl v Carl, 58 AD3d at 1037-1038; Kay v Kay, 302 AD2d 711, 712 [2003]).
The husband's remaining contentions have been examined and found to lack merit.
Garry, P.J., McCarthy, Lynch and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1:The husband complains that Supreme Court's distributive award failed to take into account a few aged vehicles and other personalty, but the record reflects that even he could not say what, if anything, those items were worth. There was accordingly no error in failing to factor these meager items into the distributive award but, in any event, "remittal for additional hearings . . . would . . . be [unnecessary] because it would serve only to further deplete the parties' modest assets and to waste already scarce judicial resources" (Daisernia v Daisernia, 188 AD2d 944, 946 [1992]).