Fanning v Fanning (2023 NY Slip Op 05587)

Fanning v Fanning

2023 NY Slip Op 05587

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-00961
 (Index No. 12252/14)

[*1]Thomas Fanning, appellant, 
v
Maureen Fanning, respondent.

Port & Sava, Lynbrook, NY (Gary Port and Janine Schatz of counsel), for appellant.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment entered September 20, 2017, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Michael A. Gajdos, Jr., J.), dated January 12, 2022. The order, insofar as appealed from, denied the plaintiff's motion to vacate a qualified domestic relations order dated October 22, 2018.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties were married in 1995. In 2008, the plaintiff retired as a police officer for the Garden City Police Department with an accidental disability pension. The parties were divorced by judgment entered September 20, 2017, which incorporated, but did not merge, their stipulation of settlement. The stipulation of settlement provided for a 50% distribution to the defendant of that portion of the value of the plaintiff's accidental disability pension which was "based upon the length of service." Thereafter, the Supreme Court issued a qualified domestic relations order (hereinafter QDRO), drafted by the plaintiff's former counsel and consented to by the parties, which provided for the defendant's share of the pension to be calculated based on a fraction of the plaintiff's hypothetical retirement benefits, which he would have received had he not been injured.
In January 2021, the plaintiff moved to vacate the QDRO, contending that its terms conflicted with the terms of the stipulation of settlement with respect to the defendant's share, if any, of his pension benefits. In an order dated January 12, 2022, the Supreme Court, inter alia, denied the plaintiff's motion. The plaintiff appeals.
"[I]nasmuch as a portion of [a spouse's] ordinary disability pension represents deferred compensation related to length of employment occurring during the marriage, it constitutes marital property subject to equitable distribution" (Dolan v Dolan, 78 NY2d 463, 464-465; see Glessing v Glessing, 212 AD3d 783, 785). "However, [t]o the extent that a disability pension constitutes compensation for personal injuries, that compensation is separate property which is not subject to equitable distribution" (Berardi v Berardi, 54 AD3d 982, 985 [internal quotation marks omitted]; see Domestic Relations Law § 236[B][1][d][2]; Kraus v Kraus, 131 AD3d 94, 100; Howe v Howe, 68 AD3d 38, 40-41).
"A domestic relations order entered pursuant to a stipulation of settlement can convey only those rights to which the parties stipulated as a basis for the judgment" (McPhillips v [*2]McPhillips, 165 AD3d 917, 919 [internal quotation marks omitted]; see McCoy v Feinman, 99 NY2d 295, 304). "Where a QDRO is inconsistent with the provisions of a stipulation or judgment of divorce, courts possess the authority to amend the QDRO to accurately reflect the provisions of the stipulation pertaining to the pension benefits" (Berardi v Berardi, 54 AD3d at 985-986).
Contrary to the plaintiff's contention, the calculation of the defendant's share of the plaintiff's disability pension benefit, as set forth in the QDRO, was consistent with the terms of the stipulation of settlement (see generally Howe v Howe, 68 AD3d at 40-41; Palazzolo v Palazzolo, 242 AD2d 688, 689). The plaintiff's apparent contention that no portion of his accidental disability pension represented deferred compensation related to his length of service is without merit (see Miszko v Miszko, 163 AD3d 1204, 1206; Peek v Peek, 301 AD2d 201, 204; Palazzolo v Palazzolo, 242 AD2d at 690). Accordingly, the Supreme Court properly denied the plaintiff's motion to vacate the QDRO.
The plaintiff's remaining contention is without merit.
DUFFY, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court