■ RONALD L. BAKER, Appellant, v DARLENE K. BAKER, Respondent.—In a matrimonial action, plaintiff appeals from (1) so much of a judgment of divorce of the Supreme Court, Kings County, dated May 9, 1977, as denied him custody of the issue of the marriage and limited his visitation rights and (2) an order of the same court, dated June 3, 1977, which, *inter alia,*

denied his motion made pursuant to CPLR 4404 (subd [b]). Judgment modified, on the facts, by deleting from the second decretal paragraph thereof, the words "in the City, Town or Village of Maryland, where the defendant shall reside with the child" and by substituting therefor the words "and plaintiff shall have the right to bring the child to his home in New York, upon compliance with conditions to be imposed by this court". As so modified, judgment affirmed insofar as appealed from, and action remanded to Special Term to fix those conditions which will ensure the return of the child to defendant after visitation. Order affirmed. Defendant is awarded one bill of costs to cover both appeals. Custody was properly granted to defendant-respondent since plaintiff-appellant did not show that she was unfit for continued custody. The custody of children should not be shifted from parent to parent, in the absence of extraordinary circumstances (see *Obey v Degling,* 37 NY2d 768, 770). However, the provision limiting plaintiff's right of visitation to the Maryland town in which defendant resides was unduly harsh. Conditions should be imposed to ensure that the plaintiff returns the child to defendant after he visits with him in New York (see *Matter of Berlin v Berlin,* 21 NY2d 371, cert den 393 US 840). The motion pursuant to CPLR 4404 (subd [b]) was properly denied, since the new evidence allegedly available could have been presented at the trial (see 4 Weinstein-Korn-Miller, NY Civ Prac, par 4404.27). Hopkins, J. P., Shapiro, Suozzi and Mollen, JJ., concur.