■ PATRICIA H. MANGONE, Respondent, v RONALD S. MANGONE, Appellant. (Appeal No. 1.)—Judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: In this matrimonial action, defendant argues that it was error to order the sale of his business and to order that the net proceeds be distributed equally. He contends that the business was insolvent and that the real property was subject to liens, mortgages and judgments that exceeded its value by almost $200,000, rendering any attempt to sell the business and real property an exercise in futility. The judgment is hereby modified to provide defendant with the option of either selling the business and real property and dividing the net proceeds as directed or transferring title of the business and real property to plaintiff subject to all encumbrances.

We further find that defendant's motion pursuant to CPLR 4404 (b) to modify the judgment should have been granted to the extent that defendant is entitled to reimbursement of $1,451.50, representing half of the attorneys' fees incurred because of plaintiff's default in an action by U.S.F. & G. against plaintiff and defendant. Because the whole fee of $2,903 was paid from the gross proceeds from the sale of the house, half has in effect already been paid by plaintiff. To the extent that defendant's postjudgment motion sought a revised Qualified Domestic Relations Order, it should have been granted.

We reject defendant's arguments on appeal that he was entitled to additional findings of fact and conclusions of law with respect to certain personal property, legal fees, and income tax refunds, and that he was entitled to distribution of some items or reimbursement for them. Defendant has failed to show on appeal that he requested distribution of that personal property and reimbursement of those legal fees at

trial, and the record on appeal does not contain any proposed findings of fact and conclusions of law submitted by him although the court had requested them. We find that, although defendant timely requested reimbursement of payments he made toward the mortgage, home improvement loan, real estate taxes and insurance on the marital residence during the three years that plaintiff had exclusive occupancy, he failed to specify the amount requested and, on the record before us, it appears that he failed to request findings of fact on this issue, and therefore is not entitled to the relief now sought (see, Ross v Ross, 174 AD2d 1045). We find no error in the judgment with respect to the disposition of the Canandaigua property and the Irondequoit residence. (Appeal from Judgment of Supreme Court, Monroe County, Maas, J.H.O.—Equitable Distribution and Support.) Present—Callahan, J. P., Doerr, Green, Pine and Lowery, JJ.