■ EDNA FERRUGIARI, Respondent, v ANTHONY FERRUGIARI, Appellant. [641 NYS2d 116] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Orange County (Green, J.H.O.), dated November 30, 1994, as (1) granted the plaintiff wife a divorce on the ground of cruel and inhuman treatment, (2) awarded the wife a share of the husband's pension, to be calculated pursuant to a separate Qualified Domestic Relations Order, (3) awarded the wife a $750 credit representing her share of marital funds used to repay a loan to repair the husband's separate real property, and (4) awarded the husband only $579 as his one-half share of the appreciation in value of the wife's separate real property.

Ordered that the judgment is modified, on the facts, by deleting therefrom the provision awarding the husband only $579 as his one-half share of the appreciation in value of the wife's separate real property; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for a new determination of the amount which the husband is entitled to receive as his share of the appreciation of the wife's property.

We find unpersuasive the husband's contention that the wife failed to present sufficient evidence of cruel and inhuman treatment. Giving due deference to the trial court's credibility determinations and findings of fact (*see, Rieger v Rieger,* 161 AD2d 227; *Tortorello v Tortorello,* 133 AD2d 683), we conclude that the record adequately supports the trial court's determi-

nation that the husband engaged in a course of conduct which so endangered the wife's physical or mental well-being as to render cohabitation unsafe or improper (*see,* Domestic Relations Law § 170 [1]; *Dalvi v Dalvi,* 214 AD2d 641; *Stavans v Stavans,* 207 AD2d 392).

Similarly unavailing is the husband's claim that the court erred in awarding the wife a share of his pension benefit. Contrary to the husband's contention, the wife was not obligated to present evidence regarding the value of the benefit, since the husband was receiving pension payments at the time of the trial and the value of the benefit was therefore already known and defined. Moreover, we discern no basis for disturbing the court's determination that the husband's entire pension benefit is subject to equitable distribution. While any portion of a pension benefit which constitutes compensation for personal injuries is not marital property subject to distribution (*see, Mylett v Mylett,* 163 AD2d 463), the husband failed to demonstrate that any part of his pension constituted such separate property (*see, Parrish v Parrish,* 213 AD2d 928). The husband likewise failed to present evidence establishing that his pension benefit fully accrued prior to the parties' marriage.

We further find no basis for disturbing the trial court's award of a credit in the amount of $750 to the wife, representing her share of marital funds expended to repay a separate loan incurred by the husband, inasmuch as the evidence in the record supports the award.

However, the court erred in awarding only $579 to the husband as his one-half share of the appreciation in the value of the wife's separate real property during the marriage. The award appears to have been based upon the court's miscalculation of the net profit realized by the wife upon the sale of the property. Accordingly, we remit the matter to the trial court for a new determination of the amount to which the husband is entitled. Thompson, J. P., Sullivan, Pizzuto and McGinity, JJ., concur.