■ DOLORES CARNEY, Respondent-Appellant, v FREDERIC CARNEY, Appellant-Respondent. [653 NYS2d 696] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Orange County (Green, J.H.O.), entered November 16, 1995, which, *inter alia,* after a nonjury trial,

awarded the plaintiff wife one-half of his pension and failed to award him retroactive child support, and the plaintiff cross appeals from so much of the same judgment as granted the defendant leave to make an application to modify the judgment insofar as it awarded her one-half of his pension.

Ordered that the judgment is modified by deleting the words "the date of the judgment herein" contained in the 12th decretal paragraph thereof and substituting therefor the words "October 28, 1994"; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for a determination as to the amount of retroactive child support owed to the defendant and the manner of payment pursuant to Domestic Relations Law § 236 (B) (7) (a).

The defendant contends that the court improperly awarded the plaintiff one-half of his disability pension from the New York City Police Department. In her cross appeal, the plaintiff contends that the court erred in including a provision in the judgment which permitted the defendant to make an application to modify the judgment with respect to his pension.

At trial, the plaintiff acknowledged that the defendant was receiving a disability pension from the police department, and the defendant attempted to prove through his own testimony that his pension was based on a line-of-duty injury. A disability pension, to the extent that it is compensation for personal injuries, is separate property which is not subject to equitable distribution. To the extent that the pension represents deferred compensation, it is subject to equitable distribution (*see, Dolan v Dolan,* 78 NY2d 463; *Mylett v Mylett,* 163 AD2d 463). Here, in view of the defendant's failure to present expert evidence as to the disability portion of his pension, the court properly determined that the entire payment was marital property and distributed it between the parties (*see, Parrish v Parrish,* 213 AD2d 928).

Nevertheless, the court providently exercised its discretion in permitting the defendant to move to reopen the trial on this issue. CPLR 4404 (b) permits the court, after a nonjury trial (*see,* 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4404.36), to set aside its judgment and make new findings or order a new trial on an issue. The statute leaves the circumstances for granting such relief to the discretion of the court (*see, Matter of Pratt v Schryver,* 103 AD2d 1016; *see also,* Siegel, NY Prac, Trial Motions § 405, at 615 [2d ed]). Although ordinarily such relief should not be granted where the new evidence could have been

presented at trial (*see, e.g., Matter of Xuong Trieu v Tax Appeals Tribunal,* 222 AD2d 743; *Baker v Baker,* 59 AD2d 519), we find no reason on this record to disturb the court's implicit conclusion that the deficiency of proof on this issue at the trial deprived the defendant of substantial justice (*see generally, Micallef v Miehle Co.,* 39 NY2d 376, 381; *see also, Mangone v Mangone,* 175 AD2d 655).

We do not reach any issue on this appeal with respect to the defendant's subsequent motion to modify the judgment, as those proceedings are dehors the record. Moreover, as the parties have not presented proof that the judgment appealed from was, in fact, amended, the defendant's contention on appeal that the plaintiff's cross appeal is academic is without merit.

The plaintiff moved out of the marital home in 1993, and the parties' sole unemancipated child remained with the defendant in the marital home. The defendant subsequently paid the carrying charges on the marital home without assistance from the plaintiff. The defendant did not seek child support pendente lite. However, he sought an award of child support in his amended answer to the complaint dated October 28, 1994. The plaintiff admitted at the trial that she did not make any child support payments after she left the marital home.

The court awarded the defendant child support payments of $210 biweekly on the parties' stipulation as to the correct amount. The court directed that the payments commence on the date of the judgment in part because the defendant had sufficient income to meet the child's needs while the action was pending. We conclude that this was error. By statute, child support should be awarded retroactive to the date of the application, which, in this case, was the date of the defendant's amended answer, October 28, 1994 (*see, Burns v Burns,* 84 NY2d 369, 377; *Berge v Berge,* 159 AD2d 960; Domestic Relations Law § 236 [B] [7] [a]; § 240 [1]). Moreover, at trial, the plaintiff, who earned $35,000 a year, never alleged that she was not in a financial position to contribute to her son's support. The matter is therefore remitted to the Supreme Court to determine the amount of retroactive support and whether payment should be made in one sum or periodic sums (*see,* Domestic Relations Law § 236 [B] [7] [a]).

The defendant's remaining contentions are without merit. O'Brien, J. P., Thompson, Joy and Goldstein, JJ., concur.