■ SANTIAGO PARIS, Appellant, v WATERMAN STEAMSHIP CORPORATION, Respondent. [721 NYS2d 514] —Order, Supreme

Court, New York County (Paula Omansky, J.), entered on or about April 28, 1999, which, in an action for personal injuries by a seaman against a shipowner, denied plaintiff's motion to amend the complaint so as to allege "failure to treat" and to seek consequential and punitive damages therefor, unanimously affirmed, without costs.

The motion was properly denied on the basis of law of the case established by a prior order of this Court reversing a judgment in plaintiff's favor, dismissing plaintiff's claims for consequential and punitive damages and maintenance and cure predicated on mental illness, and remanding for a new trial "solely on plaintiff's claim for maintenance and cure predicated upon findings that he was permanently unfit for duty as of May 18, 1978" (218 AD2d 561, *lv withdrawn* 87 NY2d 860). The prior order specifically rejected plaintiff's claims for consequential and punitive damages not only as unpleaded but also on the merits (*id.*, at 565, 566), and there is nothing "new" about plaintiff's claim of failure to treat, which closely tracks claims that have already been dismissed. Plaintiff's claim that the $8 a day rate for maintenance and cure set forth in his union's collective bargaining agreement is unconscionably inadequate and should not be enforced (citing, *inter alia, Barnes v Andover Co.*, 900 F2d 630 [3d Cir]; *Gillikin v United States*, 764 F Supp 270 [ED NY]) is improperly raised for the first time on appeal, and we decline to review it. Concur—Rosenberger, J. P., Andrias, Wallach, Rubin and Buckley, JJ.