■ PRISCILA A. BESHARA, Respondent, v ROBERT J. BESHARA, Appellant. [722 NYS2d 573] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Dutchess County (Brands, J.), entered April 18, 2000, as incorporated an order of the same court (Schachner, J.H.O.), dated December 13, 1999, which, after a hearing, awarded the plaintiff one-half of the defendant's monthly pension, and directed the defendant to pay the plaintiff the sum of $1,265.47 per month as her share of his pension.

Ordered that the judgment is modified by deleting from the second decretal paragraph the sum of $1,265.47 and substituting therefor the sum of $470.50; as so modified, the judgment is affirmed, without costs or disbursements, and the order dated December 13, 1999, is modified accordingly.

In this divorce action, all of the issues regarding equitable distribution were settled except the issue regarding what portion, if any, of the defendant's monthly pension was subject to equitable distribution. This issue was referred to a judicial hearing officer (hereinafter J.H.O.) for hearing and determination. At the outset of the hearing the plaintiff and the defendant stipulated that their respective expert appraisals of the defendant's pension would be admitted into evidence. Only two witnesses testified at the hearing, the defendant and his expert appraiser. The defendant simply testified to the pension amount he received each month. The defendant's expert testified that if the defendant was not disabled, he would have received a pension of $889 per month. However, the expert could not state that any amount received by the defendant over $889 was attributable to disability. In closing arguments, the defendant argued that the report of the plaintiff's appraiser indicated that $941 of the defendant's monthly pension was deferred compensation and the rest was attributable to disability. The J.H.O. found that the defendant did not meet his burden of demonstrating that any portion of his pension was attributable to his disability and awarded the plaintiff one-half of the monthly pension.

"[T]o the extent that a disability pension constitutes compensation for personal injuries, that compensation is separate property which is not subject to equitable distribution" (*Mylett v Mylett,* 163 AD2d 463, 464-465; *see also, Ferrugiari v Ferrugiari,* 226 AD2d 498; Domestic Relations Law § 236 [B] [5] [b]). However, to the extent that the disability pension represents deferred compensation, it is subject to equitable distribution (*see, Mylett v Mylett, supra*; *Carney v Carney,* 236 AD2d 574). Here, the testimony of the defendant and his appraiser was less than convincing regarding the amount of the pension that is subject to equitable distribution. However, the report of the plaintiff's appraiser revealed that only $941 of the monthly pension was considered deferred compensation thereby subjecting that portion to equitable distribution. Accordingly, the J.H.O. erred in determining that the defendant's entire pension was available for equitable distribution. Bracken, P. J., Ritter, Goldstein and Feuerstein, JJ., concur.