■ AMY LINK, Respondent, v WILLIAM LINK, Appellant. [759 NYS2d 133] —In a matrimonial action in which the parties were divorced by judgment dated August 9, 1993, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated July 11, 2002, as denied his motion, in effect, to amend the judgment of divorce with respect to the amount of his pension benefits that are payable to the plaintiff.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.

The parties were divorced in 1993. The judgment of divorce provided, inter alia, that the plaintiff was entitled to one half of the marital portion of the defendant's pension from the New York City Police Department, payable pursuant to the *Majauskas v Majauskas* (61 NY2d 481 [1984]) formula. In March 2000 the defendant was injured in the line of duty, and retired from the police department. In 2002 the defendant was granted disability and retirement benefits. Because the Police Pension Fund pays disability and retirement benefits together, the plaintiff began receiving payments equal to 50% of the defendant's entire pension check, including his disability benefits, multiplied by the *Majauskas* fraction.

The defendant moved, in effect, to amend the judgment of divorce to reflect that the plaintiff was not entitled to any part

of his pension which represented compensation for personal injuries, which he alleged was separate property. The Supreme Court denied the motion, and we reverse.

" '[T]o the extent that a disability pension constitutes compensation for personal injuries, that compensation is separate property which is not subject to equitable distribution' (*Mylett v Mylett*, 163 AD2d 463, 464-465 [1990]; *see also Ferrugiari v Ferrugiari*, 226 AD2d 498 [1996]; Domestic Relations Law § 236 [B] [5] [b]). However, to the extent that the disability pension represents deferred compensation, it is subject to equitable distribution (*see Mylett v Mylett, supra*; *Carney v Carney*, 236 AD2d 574 [1997])" (*Beshara v Beshara*, 281 AD2d 577, 578 [2001]). Thus, the plaintiff is entitled to only one half of the marital portion of so much of the defendant's pension as represents deferred compensation, and no part of his pension as constitutes compensation for personal injuries (*see* Domestic Relations Law § 236 [B] [1] [d] [2]; *Hansen v Hansen*, 237 AD2d 253, 254 [1997]; *Mylett v Mylett, supra*).

Since it cannot be gleaned from this record, we remit the matter to the Supreme Court, Suffolk County, to determine what part of the defendant's pension constitutes marital property subject to equitable distribution, and for the entry of an appropriate order amending the judgment of divorce to reflect that so much of the defendant's disability pension benefits as is compensation for personal injuries is not subject to equitable distribution. Finally, we note that the defendant is also entitled to a credit for the overpayments made to the plaintiff thus far by the Police Pension Fund. Altman, J.P., Goldstein, Luciano and Rivera, JJ., concur.