JANET MCNELIS, Respondent, v JAMES A. MCNELIS, Appellant. [775 NYS2d 542]—

In an action for a divorce and ancillary relief, the defendant

husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated September 9, 2002, which, upon his default in answering the complaint and upon an inquest on ancillary economic issues, inter alia, granted the plaintiff wife a divorce, awarded her a 50% share of his pension, and directed him to pay the plaintiff an attorney's fee in the sum of $3,500.

Ordered that the judgment is modified, on the law, (1) by adding thereto a provision declaring that only two thirds of the defendant's pension constitutes marital property, and (2) by deleting from the third decretal paragraph thereof the provision awarding the plaintiff 50% of the defendant's pension and substituting therefor a provision awarding the plaintiff one third of the defendant's pension; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The defendant waived his claim that service was not properly effected by appearing in the action and actively participating in the proceedings before moving for leave to serve a late answer (*see* CPLR 3211 [e]; *Weslock v Weslock,* 280 AD2d 278 [2001]; *Frankel v Siravo,* 278 AD2d 66 [2000]; *Dahlberg v Dahlberg,* 105 AD2d 968 [1984]). Under these circumstances, there is no merit to his contention that the Supreme Court lacked personal jurisdiction over him, and thus had no authority to award the plaintiff a judgment of divorce upon his default in answering (*see* Domestic Relations Law § 232; Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C232:3 at 63; *see also Adams v Adams,* 255 AD2d 535 [1998]; *Aguirre v Aguirre,* 245 AD2d 5 [1997]).

However, we agree with the defendant's contention that the Supreme Court erred in concluding that 100% of his pension from the New York City Fire Department constitutes marital property subject to equitable distribution. To the extent that the defendant's pension constitutes compensation for personal injuries, it is separate property which is not subject to equitable distribution (*see Link v Link,* 304 AD2d 800 [2003]; *Beshara v Beshara,* 281 AD2d 577 [2001]; *Hansen v Hansen,* 237 AD2d 253 [1997]; *Mylett v Mylett,* 163 AD2d 463 [1990]). In view of the defendant's uncontroverted inquest testimony that one third of his pension constituted compensation for personal injuries, the Supreme Court should have determined that only the remaining two thirds of the pension, representing deferred compensation, was marital property subject to equitable distribution. Accordingly, we modify the judgment to award the plaintiff one third of the defendant's pension.

In view of the evidence concerning the parties' respective financial circumstances which was adduced at the inquest, the Supreme Court providently exercised its discretion in awarding the plaintiff an attorney's fee (*see DeCabrera v Cabrera-Rosete,* 70 NY2d 879 [1987]; *Raif v Raif,* 292 AD2d 436 [2002]).

The defendant's remaining contentions are without merit. Ritter, J.P., Krausman, Luciano and Cozier, JJ., concur.