■ JANET PULASKI, Respondent, v DOUGLAS MICHAEL PULASKI, Appellant. [804 NYS2d 404]—

In a matrimonial action in which the parties were divorced by judgment dated September 18, 1997, the defendant appeals from an order of the Supreme Court, Nassau County (Sullivan, J.), dated March 31, 2004, which denied his motion to vacate the qualified domestic relations order of the same court (Berkowitz, J.), entered July 16, 2003.

Ordered that the order is affirmed, with costs.

The parties were divorced in September 1997. The judgment of divorce incorporated but did not merge the terms of a stipulation of settlement (hereinafter the stipulation) entered into in February 1997. Article X of the stipulation provided, inter alia: "[t]he Husband's pension shall be divided equally by the parties by way of a Qualified Domestic Relations Order and under the

*Majauskas* (61 NY2d 481 [1984]) formula. Any loans or advances taken by the husband from commencement of the divorce action forward will be deducted from the husband's final share in said pension QDRO . . . 7. Except to the extent provided in this agreement, the parties mutually waive their rights and release each other from any claims for distribution of marital property, distributive awards, special relief or claims regarding separate property or increase in the value thereof."

Before entering into the stipulation the defendant applied, in September 1996, for a disability pension with his employer, the New York City Police Department, based on a line-of-duty injury sustained in 1993. After the divorce, he was retired on disability and his pension payments commenced in October 1998.

Generally, where the issue of entitlement to and interest in a disability pension is adjudicated pursuant to Domestic Relations Law § 236 (B) (5) (b), the right of the retiree spouse to separate property treatment for that portion of such pension constituting compensation for personal injury is clear (*see Link v Link*, 304 AD2d 800 [2003]; *McNelis v McNelis*, 6 AD3d 673 [2004]; *Dolan v Dolan*, 78 NY2d 463 [1991]). The proponent of the claim of separate property is required to demonstrate the portion of the disability pension which is to be considered separate (*see Ferrugiari v Ferrugiari*, 226 AD2d 498 [1996]). The portion of such disability pension representing deferred compensation referable to the period of the marriage, on the other hand, is marital property (*see Beshara v Beshara*, 281 AD2d 577 [2001], citing *Mylett v Mylett*, 163 AD2d 463 [1990], and *Carney v Carney*, 236 AD2d 574 [1997]; *McNelis v McNelis, supra*).

Here, however, based upon the express language of the parties' stipulation, by which they opted out of the operation of case law construing Domestic Relations Law § 236 (B) (3), the parties provided for an equal division of the defendant's pension without reference to whether the pension was disability or normal retirement. Moreover, they agreed to waive any claim, inter alia, as to separate property as part of article X of the stipulation. The defendant suffered the line-of-duty injury and applied for a disability pension before entering into the stipulation. Thus, he clearly was aware of or chargeable with knowledge of the prospect of his eventual disability retirement when he entered into the stipulation. The defendant's contention that this Court should, in effect, rewrite the terms of the stipulation and deconstruct the division of assets which the parties provided for unambiguously in their stipulation is without merit (*cf. Hansen v Hansen*, 237 AD2d 253 [1997]). Florio, J.P., Luciano, Skelos and Lifson, JJ., concur.