■ KATHLEEN CONDON, Respondent, v JOSEPH CONDON, Appellant. [848 NYS2d 270]—

In a matrimonial action in which the parties were divorced by judgment dated July 31, 2000, the former husband appeals, by permission, as limited by his brief, from so much of a qualified domestic relations order of the Supreme Court, Kings County (Krauss, J.), dated April 11, 2006, as directed that the former wife receive a portion of his "retirement allowance" in accordance with the formula set forth in *Majauskas v Majauskas* (61 NY2d 481 [1984]), and directed that the retirement allowance include cost-of-living adjustments.

Ordered that the qualified domestic relations order is modified, on the law and the facts, by deleting the provisions thereof directing that the former husband's retirement allowance be divided in accordance with the formula devised in *Majauskas v Majauskas* (61 NY2d 481 [1984]); as so modified, the qualified domestic relations order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a hearing and/or further submissions, and thereafter, for substitution of provisions consistent with the parties' stipulation and complying with the ap-

plicable provisions and regulations of the New York State and Local Retirement System.

After approximately 24 years of marriage, the parties were divorced by judgment dated July 31, 2000. The judgment incorporated, but did not merge, the parties' stipulation of settlement.

The parties' stipulation provided that the former wife would be entitled to "a fifty percent (50%) interest in the husband's pension/retirement plan maintained with the New York State and Local Retirement System, including any interest or other increases in value attributable to her share, which shall hereafter be the wife's separate property and shall be paid over to the wife in accordance with the Qualified Domestic Relations Order referred to herein, but only to the extent of pension benefits accumulated from the date of marriage to September 23, 1993 [i.e, the date that the divorce proceeding was commenced, a period of 17 years minus 2 days (hereinafter 17 years)]". The parties further stipulated that the qualified domestic relations order (hereinafter QDRO) would "provide for immediate transfer and/or assignment to the wife of her fifty percent (50%) interest (date of marriage to September 1993) in the Plan." The QDRO submitted by the former wife, and signed by the court, provided, inter alia, that the parties would share in the former husband's pension benefits pursuant to the *Majauskas* formula (*see Majauskas v Majauskas,* 61 NY2d 481 [1984]). Specifically, it stated that when the former husband retired and started to receive his "retirement allowance," the former wife would be entitled to receive 50% of the former husband's pension multiplied by a fraction. The numerator of the fraction would be the time period during which service credits were accrued during the marriage (204 months), and the denominator would be the total number of months of the former husband's service credit in the New York State and Local Retirement System (hereinafter the pension plan).

"A proper QDRO obtained pursuant to a stipulation of settlement can convey only those rights to which the parties stipulated as a basis for the judgment" (*McCoy v Feinman,* 99 NY2d 295, 304 [2002]). We agree with the former husband's contention that the distribution of his pension as ordered in the QDRO differs from the distribution of the pension as stated in the parties' stipulation of settlement.

The plain language of the relevant provision of the stipulation of settlement governing the former husband's pension states that the former wife shall be entitled to a 50% interest in the retirement plan as calculated from the date of marriage

through the date of separation, that is, 50% of the benefits earned during the relevant 17-year period the former husband was working and was a member of the pension plan. However, the subject QDRO directs that the former wife receive a percentage of the former husband's pension based upon his final pension benefits, and is not limited to her interest in it as provided for in the stipulation.

When, as here, the QDRO conflicts with the stipulation of settlement upon which it was based, the stipulation of settlement controls, and the QDRO must be modified accordingly. It further appears that the parties will require some type of statement as to the benefits the former wife is entitled to from the pension plan, as well as the approval by the pension plan, before the QDRO can be properly modified. Since the record before us is insufficient to enable this Court to properly modify the QDRO, a hearing by, and/or further submissions to, the Supreme Court, Kings County, is required.

Contrary to the former husband's claim, the former wife is entitled to share in cost-of-living adjustments in retirement benefits as long as the increases are limited to her portion of the pension (*see Pagliaro v Pagliaro,* 31 AD3d 728 [2006]). Schmidt, J.P., Rivera, Florio and Balkin, JJ., concur.