■ JEANNE M. BERARDI, Respondent, v JOSEPH P. BERARDI, Appellant. [865 NYS2d 245]—

In a matrimonial action in which the parties were divorced by judgment entered August 6, 1999, the defendant appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Stack, J.), dated June 19, 2007, as granted the plaintiff's motion to amend a qualified domestic relations order dated September 24, 2002, to add a provision entitling her to receive her allocable share of the defendant's increased pension payments resulting from his retirement status having been changed from a service retirement to an accident disability retirement, (2) from an amended qualified domestic relations order of the same court entered July 31, 2007, and (3), as limited by his brief, from so much of an order of the same

court dated November 20, 2007, as, upon granting his motion, in effect, for leave to reargue his opposition to the plaintiff's motion, adhered to the original determination granting the plaintiff's motion.

Ordered that the appeal from the amended qualified domestic relations order entered July 31, 2007, is dismissed, as no appeal lies as of right from a qualified domestic relations order (*see Bernstein v Bernstein,* 18 AD3d 683, 683-684 [2005]; *Gormley v Gormley,* 238 AD2d 545, 546 [1997]); and it is further,

Ordered that the appeal from the order dated June 19, 2007, is dismissed, as the portion of the order appealed from was superseded by the order dated November 20, 2007, made upon reargument; and it is further,

Ordered that the order dated November 20, 2007, is modified on the law, by deleting the provision thereof, in effect, upon reargument, adhering to the original determination granting the plaintiff's motion in its entirety, and substituting therefor a provision, upon reargument, vacating the order dated June 19, 2007, and thereupon, granting that branch of the motion which was to amend the qualified domestic relations order dated September 24, 2002, by adding a provision entitling the plaintiff to receive her allocable share of the defendant's disability pension for ordinary disability applying the applicable formula for the period up through and including July 7, 1998, and otherwise denying the motion; as so modified, the order dated November 20, 2007, is affirmed insofar as appealed from, the amended qualified domestic relations order entered July 31, 2007, is vacated, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and/or further submissions, to determine the nature and status of the defendant's disability pension and the plaintiff's allocable share thereof, and thereafter, for the entry of an appropriate amended qualified domestic relations order in accordance herewith; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff former wife and the defendant former husband were divorced in 1999 after approximately 18 years of marriage throughout which the defendant worked for the New York City Police Department (hereinafter the NYPD). Pursuant to the parties' stipulation of settlement dated March 26, 1999 (hereinafter the stipulation), which was incorporated but not merged into the judgment of divorce entered August 6, 1999, the plaintiff was entitled to one half of the defendant's "pension, *disability payment,* variable supplement and 457 Fund with the New York City Police Department applying the applicable formula for the period up through and including July 7, 1998" (emphasis added).

After the divorce, the defendant continued working for the NYPD. However, in 2001, he sustained a significant lung ailment as a result of the September 11, 2001, rescue and recovery operations at the World Trade Center and Staten Island Landfill Recovery sites.

Subsequent thereto, on October 3, 2002, a qualified domestic relations order (hereinafter the original QDRO) was entered upon the stipulation, which provided, inter alia, that when the defendant retires from his job as a New York City Police Officer, "and is actually receiving a retirement allowance from the New York City Police Pension Fund, the said New York City Police Pension Fund, *in accordance with the Equitable Distribution Law*, is directed to pay to the [plaintiff] from [the defendant's] retirement allowance 50% of the [defendant's] retirement based on the accrued benefit which the [defendant] had accrued up to July 7, 1998, without taking into account salary increases and additional service earned after July 7, 1998. The term 'Retirement Allowance' is [*sic*] used herein shall be deemed to include any annuity and lump sum payment as well as any supplemental retirement allowance which is paid by the said New York State and Local Retirement Systems to [the defendant]" (emphasis added). The original QDRO was inconsistent with the stipulation insofar as it did not include any provision for a disability pension or incorporate the phrase "applicable formula" as the means of distributing the defendant's pension.

When the defendant retired on December 31, 2002, after more than 20 years of service, he applied for accident disability retirement benefits in light of his disability for injuries resulting from his work at the World Trade Center and Staten Island Landfill Recovery sites. Meanwhile, he and the plaintiff began to receive pension benefits as a "Service Retirement" based on his years of service with the NYPD. Subsequently, on October 13, 2004, the defendant's application for accident disability retirement benefits was approved, and his entitlement thereto became effective in April 2005, retroactive to his original retirement date. His pension benefits were increased by 25% in accordance with Administrative Code of the City of New York § 13-258.

Notably, the plaintiff's allocable share of the defendant's variable supplement benefits was eliminated as a result of the defendant's eligibility for accident disability benefits. Thereafter, the plaintiff contacted the Police Pension Fund of the City of New York (hereinafter the PPF) seeking her allocable share of the increase of the pension benefits derived from the defendant's accident disability retirement. After being advised by the PPF that her share of the defendant's accident disability

pension would not attach without a modification of the original QDRO, the plaintiff moved to amend the original QDRO to include the defendant's disability payments payable pursuant to the applicable formula embodied in *Majauskas v Majauskas* (61 NY2d 481, 490 [1984]). By order of the Supreme Court, Nassau County, dated June 19, 2007, the motion was granted. Subsequently, upon reargument, in an order of the same court dated November 20, 2007, the court adhered to the original determination granting the motion. The defendant appeals. We modify the order dated November 20, 2007.

"[I]nasmuch as a portion of [a spouse's] ordinary disability pension represents deferred compensation related to length of employment occurring during the marriage, it constitutes marital property subject to equitable distribution" (*Dolan v Dolan,* 78 NY2d 463, 464-465 [1991]; *see Olivo v Olivo,* 82 NY2d 202, 207 [1993]; *Majauskas v Majauskas,* 61 NY2d at 490). However, "[t]o the extent that a disability pension constitutes compensation for personal injuries, that compensation is separate property which is not subject to equitable distribution" (*Mylett v Mylett,* 163 AD2d 463, 464-465 [1990]; *see Link v Link,* 304 AD2d 800, 801 [2003]; *Beshara v Beshara,* 281 AD2d 577, 578 [2001]; *see also* Domestic Relations Law § 236 [B] [5] [b]). Such is the case with an accident disability pension under the Administrative Code of the City of New York § 13-258 which is based on physical or mental incapacity proximately resulting from city service, not length of service (*see Dolan v Dolan,* 78 NY2d at 467; *McNelis v McNelis,* 6 AD3d 673 [2004]; *West v West,* 115 AD2d 601, 602 [1985]).

Applying these principles to the matter at bar, the Supreme Court's adherence, upon reargument, to its original determination granting the plaintiff's motion, was only partially correct. Although the court properly granted the plaintiff's motion to amend the original QDRO to conform to the stipulation by adding a provision for a disability pension and reflecting the parties' agreement to apply the "applicable formula" under *Majauskas v Majauskas* (61 NY2d 481 [1984]), the court should not have made such amendment without differentiating between ordinary disability and accident disability.

When the distribution of pension benefits between former spouses is accomplished through a QDRO obtained pursuant to a stipulation, such QDRO "can convey only those rights to which the parties stipulated as a basis for the judgment" (*McCoy v Feinman,* 99 NY2d 295, 304 [2002]; *see Condon v Condon,* 46 AD3d 596, 597 [2007]; *Duhamel v Duhamel,* 4 AD3d 739, 741 [2004]). Where a QDRO is inconsistent with the provisions

of a stipulation or judgment of divorce, courts possess the authority to amend the QDRO to accurately reflect the provisions of the stipulation pertaining to the pension benefits (*see Condon v Condon,* 46 AD3d at 598). A court cannot issue a QDRO more expansive or "encompassing rights not provided in the underlying stipulation" (*McCoy v Feinman,* 99 NY2d at 304; *see Von Buren v Von Buren,* 252 AD2d 950, 950-951 [1998]; *De Gaust v De Gaust,* 237 AD2d 862, 862-863 [1997]).

While it is clear from the stipulation that the plaintiff was entitled to receive a percentage of the defendant's ordinary disability benefits for the relevant period, there is no provision for entitlement to accident disability benefits, which represent compensation for personal injuries and remain the defendant's separate property not subject to equitable distribution (*see McNelis v McNelis,* 6 AD3d at 674; *Link v Link,* 304 AD2d at 801; *Beshara v Beshara,* 281 AD2d at 578; *Mylett v Mylett,* 163 AD2d at 464-465; *see also* Domestic Relations Law § 236 [B] [5] [b]; *cf. Pulaski v Pulaski,* 22 AD3d 820, 821 [2005] [based upon the express language of the parties' stipulation, they opted out of the operation of case law construing Domestic Relations Law § 236 (B) (3)]; *O'Beirne v O'Beirne,* 5 AD3d 572, 573 [2004] [the parties specifically provided in their stipulation of settlement that "ordinary or accident disability" shall be deemed pension benefits for purposes of the QDRO benefits to the nonpayee spouse]). Absent a provision in the stipulation specifically awarding the plaintiff accident disability benefits, the Supreme Court could not issue a more expansive QDRO (*see McCoy v Feinman,* 99 NY2d at 304; *Von Buren v Von Buren,* 252 AD2d at 950-951; *De Gaust v De Gaust,* 237 AD2d at 862-863).

Since the original QDRO was inconsistent with the stipulation upon which it was based, the stipulation controls and the original QDRO must be modified accordingly (*see Condon v Condon,* 46 AD3d at 598). The record before us is insufficient to enable this Court to properly amend the QDRO to reflect what portion, if any, of the defendant's benefits constitute marital property subject to equitable distribution rather than compensation for personal injuries (*see West v West,* 101 AD2d 834 [1984]). Further, any modification of the original QDRO will require the approval of the PPF (*see Condon v Condon,* 46 AD3d at 598). Therefore, a hearing by, and/or further submissions to, the Supreme Court, Nassau County, is required for purposes of determining the nature and status of the defendant's pension and the plaintiff's allocable share thereof, and the Supreme Court should thereafter enter an appropriate amended QDRO in accordance herewith.

The defendant's remaining contentions are without merit. Prudenti, P.J., Skelos, Covello and Balkin, JJ., concur.