■ JAMES ROSENBERGER, Appellant, v BARBARA ROSENBERGER, Respondent. [882 NYS2d 426]—

In a matrimonial action in which the parties were divorced by judgment dated June 21, 2002, the plaintiff appeals from (1) so much of an order of the Supreme Court, Richmond County (Panepinto, J.), dated April 17, 2008, as denied his motion, inter alia, in effect, to amend a qualified domestic relations order of the same court dated November 5, 2004, and (2) an order of the same court dated January 26, 2009, which denied his motion for leave to renew.

Ordered that the order dated April 17, 2008, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated January 26, 2009, is affirmed, without costs or disbursements.

A stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation (*see Matter of Meccico v Meccico,* 76 NY2d 822, 823-824 [1990]; *Shanon v Patterson,* 38 AD3d 519 [2007]; *Gipp v Gipp,* 37 AD3d 406 [2007]; *Rivers v Rivers,* 35 AD3d 426, 428 [2006]). Where such an agreement is clear and unambiguous on its face, the intent of the parties must be gleaned from the four corners of the instrument, and not from extrinsic evidence (*see Matter of Meccico v Meccico,* 76 NY2d at 824; *Sorrentino v Pearlstein,* 55 AD3d 901 [2008]; *Colucci v Colucci,* 54 AD3d 710 [2008]; *Herzfeld v Herzfeld,* 50 AD3d 851 [2008]). An ambiguity exists only where "the agreement on its face is reasonably susceptible to more than one interpretation" (*Chimart Assoc. v Paul,* 66 NY2d 570, 573 [1986]; *see Sorrentino v Pearlstein,* 55 AD3d 901 [2008]; *Nappy v Nappy,* 40 AD3d 825 [2007]; *Clark v Clark,* 33 AD3d 836 [2006]).

Contrary to the plaintiff's contention, the Supreme Court did not err in concluding that the parties' stipulation of settlement entitles the defendant to receive a share of his entire accident disability pension. The stipulation by which the parties agreed that the defendant would receive her "marital coverture portion" of the plaintiff's pension pursuant to a qualified domestic relations order (hereinafter QDRO) is clear and unambiguous, and does not on its face reflect an intent to draw a distinction between the portion of the pension which would be considered

marital property, and the portion which would be considered separate property, if this matter had been adjudicated pursuant to Domestic Relations Law § 236 (B) (5) (b) (*see Pulaski v Pulaski,* 22 AD3d 820, 821 [2005]).

Furthermore, although a retiree spouse is entitled to treat, as separate property, that portion of an accident disability pension which constitutes compensation for personal injury, where that issue is adjudicated pursuant to Domestic Relations Law § 236 (B) (5) (b) (*see Dolan v Dolan,* 78 NY2d 463, 466 [1991]; *McNelis v McNelis,* 6 AD3d 673, 674 [2004]; *Link v Link,* 304 AD2d 800, 801 [2003]), "[t]he proponent of the claim of separate property is required to demonstrate the portion of the disability pension which is to be considered separate" (*Pulaski v Pulaski,* 22 AD3d at 821; *see Palazzolo v Palazzolo,* 242 AD2d 688 [1997]; *Ferrugiari v Ferrugiari,* 226 AD2d 498 [1996]). Here, the plaintiff, a former New York City firefighter, suffered a line-of-duty injury and applied for an accident disability pension before entering into the subject stipulation. "Thus, he clearly was aware of or chargeable with knowledge of the prospect of his eventual disability retirement when he entered into the stipulation" (*Pulaski v Pulaski,* 22 AD3d at 821). Although the plaintiff acknowledged in the stipulation of settlement that he had been advised of and understood his rights pursuant to the equitable distribution provisions of the Domestic Relations Law, the stipulation of settlement nevertheless provided for a division of his pension without reference to whether the pension was based on accident disability or referable to ordinary service retirement. Moreover, the QDRO authorizing the defendant to receive a share of the plaintiff's entire pension in accordance with the *Majauskas* formula (*see Majauskas v Majauskas,* 61 NY2d 481 [1984]) was entered upon the plaintiff's consent after his application for an accident disability pension had been approved. Under these circumstances, the Supreme Court properly denied the plaintiff's motion, in effect, to amend the QDRO (*see Pulaski v Pulaski,* 22 AD3d at 821; *cf. Berardi v Berardi,* 54 AD3d 982 [2008]), and properly denied his motion for leave to renew, upon determining that the purported change in law he propounded as a ground for renewal would not change the outcome of his motion, in effect, to amend the QDRO (*see* CPLR 2221 [e] [2]). Rivera, J.P., Florio, Belen and Austin, JJ., concur.