■ PEGGY WATSON, Appellant, v WILLIAM WATSON, Respondent. [923 NYS2d 605]—

In a matrimonial action in which the parties were divorced by an amended judgment dated December 1, 2008, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Brands, J.), dated August 4, 2010, which granted that branch of the defendant's motion which was, in effect, to amend a second amended qualified domestic relations order dated May 18, 2009, to conform it to the terms of the parties' stipulation of settlement, and granted that branch of her cross motion which was to amend the second amended qualified domestic relations order to award her a share of the defendant's pension benefits retroactive to December 12, 2005, the date of commencement of the divorce action, only to the extent of directing that she be awarded a share of the defendant's pension benefits retroactive to March 31, 2008, the date of the stipulation of settlement.

Ordered that the order is affirmed, with costs.

" 'A stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation' " (*Ackermann v Ackermann*, 82 AD3d 1020, 1020 [2011], quoting *Rosenberger v Rosenberger*, 63 AD3d 898, 899 [2009]). "A court should construe [such] a stipulation made in open court in accordance with the intent of the parties and the purpose of the stipulation by examining the record as a whole" (*Hannigan v Hannigan*, 50 AD3d 957, 958 [2008]; *see White v Mazella-White*, 60 AD3d 1047, 1049 [2009]; *McWade v McWade*, 253 AD2d 798, 799 [1998]). "Where a [qualified domestic relations order] is inconsistent with the provisions of a stipulation or judgment of divorce, courts possess the authority to amend the [qualified domestic relations order] to accurately reflect the provisions of the stipulation pertaining to the pension benefits" (*Berardi v Berardi*, 54 AD3d 982, 985-986 [2008]; *see Condon v Condon*, 46 AD3d 596, 598 [2007]).

Here, examining the record as a whole, the Supreme Court properly rejected the plaintiff's unsupported contention that the parties intended that she would receive half of the service retirement benefits that the defendant would have received had he not taken early retirement and, instead, determined that the parties intended that the plaintiff would receive 50% of that portion of the defendant's actual pension benefits which constituted marital property. The parties are in agreement that the defendant's entire pension represents deferred compensation (cf. *Dolan v Dolan*, 78 NY2d 463 [1991]; *Howe v Howe*, 68 AD3d 38 [2009]; *Palazzolo v Palazzolo*, 242 AD2d 688, 689 [1997]) for employment during the marriage and, thus, is subject to equitable distribution (see *Dolan v Dolan*, 78 NY2d at 468; *Howe v Howe*, 68 AD3d at 40). Therefore, the Supreme Court properly granted that branch of the defendant's motion which was, in effect, to amend the second amended qualified domestic relations order, by operation of which the plaintiff was receiving approximately 79.5% of the defendant's pension benefits, to conform it to the parties' stipulation of settlement providing that the plaintiff receive 50% of those benefits.

The Supreme Court also properly rejected the plaintiff's contention that, although not expressly included in the parties' stipulation, the parties intended for her to receive a share of the defendant's pension benefits retroactive to the date of commencement of the divorce action, as opposed to the date of the parties' stipulation. That bare contention is belied by the record, including previous qualified domestic relations orders drafted by the plaintiff, which include a retroactive date of April 1, 2008, and by a previous representation made to the Supreme Court by the plaintiff, in a letter dated March 17, 2009, which stated that the parties "stipulated" to a retroactive date of "April, 2008."

The plaintiff's remaining contention is without merit. Rivera, J.P., Skelos, Sgroi and Miller, JJ., concur.