In a matrimonial action in which the parties were divorced by judgment entered December 7, 2000, the defendant appeals (1) as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated September 24, 2012, as denied those branches of her motion which were, in effect, to amend a domestic relations order of the same court (Baisley, Jr., J.), dated November 27, 2000, to conform its provisions governing the distribution of her retirement benefits with the corresponding provisions in the parties’ stipulation of settlement dated March 8, 2000, and (2) by permission, as limited by her brief, from so much of an amended domestic relations order of the same court (McNulty, J.), entered May 14, 2013, as provided that the plaintiff was to receive one half of a certain fraction of her maximum monthly retirement allowance.
Ordered that the order dated September 24, 2012, is reversed insofar as appealed from, on the law, and those branches of the defendant’s motion which were, in effect, to amend a domestic relations order dated November 27, 2000, to conform its provisions governing the distribution of her retirement benefits with *1003 the corresponding provisions in the parties’ stipulation of settlement dated March 8, 2000, are granted; and it is further,
Ordered that the amended domestic relations order entered May 14, 2013, is reversed insofar as appealed from, on the law, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate second amended domestic relations order in accordance herewith; and it is further,
Ordered that one hill of costs is awarded to the defendant.
“Where a [domestic relations order] is inconsistent with the provisions of a stipulation or judgment of divorce, courts possess the authority to amend the [domestic relations order] to accurately reflect the provisions of the stipulation pertaining to the pension benefits” (Nugent-Schubert v Schubert, 88 AD3d 967, 968 [2011] [internal quotation marks omitted]). “A proper [domestic relations order] obtained pursuant to a stipulation of settlement can convey only those rights to which the parties stipulated as a basis for the judgment” (Condon v Condon, 46 AD3d 596, 597 [2007] [internal quotation marks omitted]). “[P]ension benefits . . . except to the extent that they are earned or acquired before marriage or after commencement of a matrimonial action, constitute marital property” (Dolan v Dolan, 78 NY2d 463, 466 [1991], citing Majauskas v Majauskas, 61 NY2d 481, 490 [1984]).
The plain language of the relevant provisions of the stipulation of settlement governing the defendant’s pension stated, in effect, that the plaintiff was entitled to receive 50% of the defendant’s “accrued benefits,” multiplied by a fraction, which the parties do not dispute was 11.92/14.30, and which represented the benefits the defendant earned during the marriage. However, the subject domestic relations order directed that the plaintiff was to receive 50% of that same fraction of the defendant’s “maximum accrued benefits,” without any reference to a limitation based on the benefits which accrued to the defendant during the marriage.
Thus, the Supreme Court erred in denying the branches of the defendant’s motion, in effect, to conform the domestic relations order to the stipulation of settlement (see Nugent-Schubert v Schubert, 88 AD3d at 968; Condon v Condon, 46 AD3d at 597). Accordingly, the matter must be remitted to the Supreme Court, Suffolk County for entry of a second amended domestic relations order which provides that the plaintiff is to receive 50% of the defendant’s accrued pension benefits, multiplied by a fraction, the numerator of which shall be the number of months the defendant participated in the plan during the marriage, measured from the date the defendant became a plan par *1004 ticipant, to the date of filing of the summons in this action for a divorce, and the denominator of which shall be the defendant’s total service from the date of her initial employment with the relevant employer to the date of the filing of the summons in this action for a divorce.
The parties’ remaining contentions are without merit.
Dillon, J.E, Leventhal, Sgroi and Maltese, JJ., concur.