*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 27, 2016                  521960
_____

JENNIFER SANDERS,
                        Respondent,

        v
                                        MEMORANDUM AND ORDER

MITCHELL SANDERS,
                        Appellant.
_____


Calendar Date:   September 16, 2016

Before:  Peters, P.J., McCarthy, Garry, Clark and Aarons, JJ.

                        _____


        Law Office of Terry D. Horner, Poughkeepsie (Terry D.
Horner of counsel), for appellant.

        Stenger, Roberts, Davis & Diamond, LLP, Wappingers Falls
(Darren H. Fairlie of counsel), for respondent.

                        _____


McCarthy, J.

        Appeal from an order of the Supreme Court (Schick, J.),
entered January 2, 2015 in Sullivan County, which, upon
reargument, among other things, granted plaintiff's motion to
vacate a qualified domestic relations order.

        In October 2006, the parties entered into a stipulation
that was incorporated, but not merged, into their judgment of
divorce.  The stipulation provided, among other things, that "the
wife shall be entitled to her Majauskas share of the husband's
pension through his union in a sum approximating $450 per month,"
starting November 1, 2006.  At the time of that stipulation,
defendant was only receiving one pension from which such a share
could be withdrawn, a disability pension.  Defendant thereafter
began making $450 monthly payments to plaintiff until November

2013, when he stopped. In May 2013, plaintiff moved for a qualified domestic relations order (hereinafter QDRO) that would entitle her to such payments from defendant's pension. Defendant submitted a competing QDRO and petitioned Supreme Court to deny plaintiff's motion on the grounds that the previous payments were actually additional maintenance and that, otherwise, his disability pension constituted his separate property. Thereafter, the court approved defendant's QDRO. Plaintiff moved for leave to reargue, which the court granted and then heard oral argument. Subsequently, the court determined that the $450 payment referenced in the agreement unambiguously referred to the disability pension, vacated its prior order and directed plaintiff to submit to the court a QDRO in accordance with her position. Defendant now appeals, and we affirm.

Defendant's contention that he did not "waive" his right to his disability pension being separate property to which plaintiff has no entitlement is without merit. "A stipulation of settlement that is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation" (Kraus v Kraus, 131 AD3d 94, 100 [2015] [citations omitted]; accord Penavic v Penavic, 88 AD3d 671, 672 [2011]). Accordingly, if the parties intentions are clear, it is generally of no moment that their chosen division of property diverges from that which would have resulted from an adjudication based on statutory principles (see Van Orden v Van Orden, 140 AD3d 1282, 1284 [2016]; Rosenberger v Rosenberger, 63 AD3d 898, 899-900 [2009]).

Here, defendant was aware of the fact that the pension he was receiving was a disability pension at the time of the settlement agreement. Accordingly, and as Supreme Court correctly determined, the parties' unambiguous expression of their intention that plaintiff would share in a portion of defendant's disability pension is dispositive (see Rosenberger v Rosenberger, 63 AD3d at 899-900; Pulaski v Pulaski, 22 AD3d 820, 821-822 [2005]; compare Nugent-Schubert v Schubert, 88 AD3d 967, 969 [2011]). Arguments that defendant failed to raise prior to Supreme Court's order are not properly before this Court for review (see Matter of DeNoto v DeNoto, 96 AD3d 1646, 1647 [2012]; Paris v Waterman S.S. Corp., 281 AD2d 167, 168 [2001], lv

dismissed 96 NY2d 937 [2001]) and are, in any event, without merit.

Peters, P.J., Garry, Clark and Aarons, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court