Linenschmidt v Linenschmidt (2018 NY Slip Op 05461)





Linenschmidt v Linenschmidt


2018 NY Slip Op 05461


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2015-08021
 (Index No. 7438/10)

[*1]Edward Linenschmidt, respondent, 
v
Sandra Linenschmidt, appellant.


Amed Marzano & Sediva, PLLC, New York, NY (Naved Amed of counsel), for appellant.
John A. Gemelli, P.C., Forest Hills, NY, for respondent.



DECISION & ORDER
In a matrimonial action, the defendant appeals from stated portions of a judgment of divorce of the Supreme Court, Queens County (Joseph J. Esposito, J.), dated May 18, 2015. The judgment of divorce, among other things, equitably distributed two properties owned by the parties, located on 6th Avenue and on Sterling Place in Brooklyn, awarded the plaintiff a separate property credit for money the plaintiff paid toward the property located on 6th Avenue, awarded the plaintiff 50% of the present value of the marital interest of the service portion of the defendant's pension, and awarded the defendant 25% of the plaintiff's 10% share of a property located on Surrey Place in Queens.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, with costs.
The parties were married in 1975. The plaintiff brought to the marriage a property located on 6th Avenue, Brooklyn, which became the marital residence. A few years later, the parties purchased a residence located on Sterling Place in Brooklyn.
Following the parties' separation in the late 1980's, the defendant lived at the 6th Avenue residence and the plaintiff lived at the Sterling Place residence. In 1991, the plaintiff and a third party purchased a property located on Surrey Place in Queens. In 1996, the defendant, who had been a teacher since 1969, began to receive a disability pension.
The plaintiff commenced this action for a divorce and ancillary relief against the defendant in 2010. After a nonjury trial, the Supreme Court entered a judgment of divorce, which, among other things, equitably distributed the properties located on 6th Avenue and on Sterling Place in Brooklyn, awarded the plaintiff a separate property credit for money the plaintiff paid toward the property located on 6th Avenue, awarded the plaintiff 50% of the present value of the marital interest of the service portion of the defendant's pension, and awarded the defendant 25% of the plaintiff's 10% share of a property located on Surrey Place in Queens. The defendant appeals from those portions of the judgment of divorce.
"[P]ension benefits or vested rights to those benefits, except to the extent that they are earned or acquired before marriage or after [the] commencement of a matrimonial action, [*2]constitute marital property" (Dolan v Dolan, 78 NY2d 463, 466, citing Majauskas v Majauskas, 61 NY2d 481, 490). Thus, "to the extent that the disability pension represents deferred compensation, it is subject to equitable distribution" (Mylett v Mylett, 163 AD2d 463, 465; see Link v Link, 304 AD2d 800, 801; Beshara v Beshara, 281 AD2d 577, 578). However, "[t]o the extent that a disability pension constitutes compensation for personal injuries, that compensation is separate property' which is not subject to equitable distribution" (Mylett v Mylett, 163 AD2d at 464-465; see Domestic Relations Law § 236[B][5][b]; Link v Link, 304 AD2d at 801; Beshara v Beshara, 281 AD2d at 578). Here, we agree with the Supreme Court's calculation of the present value of the marital interest of the service portion of the defendant's pension and its award of 50% thereof to the plaintiff.
"The trial court is vested with broad discretion in making an equitable distribution of marital property . . . and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (Gafycz v Gafycz, 148 AD3d 679, 680 [internal quotation marks omitted]). Moreover, where, as here, the determination as to equitable distribution has been made after a nonjury trial, the trial court's assessment of the credibility of witnesses is afforded great weight on appeal (see Alper v Alper, 77 AD3d 694, 695; Schwartz v Schwartz, 67 AD3d 989, 990).
We agree with the Supreme Court's distribution of the 6th Avenue and Sterling Place properties. In addition, the court providently exercised its discretion in awarding the plaintiff a credit for his contribution of separate property toward the creation of the 6th Avenue property, which was a marital asset (see Spencer-Forrest v Forrest, 159 AD3d 762; Post v Post, 68 AD3d 741, 742). Finally, the court providently exercised its discretion in awarding the defendant 25% of the plaintiff's 10% interest in the Surrey Place property.
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court