Confe Realty Corp., Petitioner-Landlord-Appellant,
against
Kelvin Jimenez Nunez, Respondent-Tenant, and Genesis Ramos, Respondent-Respondent, and "John Doe," and "Jane Doe," Respondents.




Petitioner-landlord, as limited by its briefs, appeals from that portion of an order of the Civil Court of the City of New York, New York County (Dakota D. Ramseur, J.), dated August 5, 2019, which granted respondent Genesis Ramos's posttrial motion pursuant to CPLR 4404(b) to set aside the final judgment of possession and warrant of eviction against her in a nonpayment summary proceeding, and ordered a trial on her succession defense.




Per Curiam.
Order (Dakota D. Ramseur, J.), dated August 5, 2019, affirmed, with $10 costs.
Petitioner-landlord's challenge to the timeliness of respondent Ramos's CPLR 4404(b) posttrial motion was raised for the first time on appeal and is unpreserved for review (see generally Diarrassouba v Consolidated Edison Co. of NY Inc., 123 AD3d 525 [2014]). In any event the motion was timely brought within 15 days (see CPLR 4405), inasmuch as only 11 days elapsed between the April 8, 2019 decision after trial and respondent's April 19, 2019 motion. We also note that even if there was a minor delay, the court had discretion to consider the motion on the merits (see Pioli v Morgan Guar. Trust Co. of NY, 199 AD2d 144, 148 [1993], lv denied 87 NY2d 801 [1995]).
On the merits, Civil Court providently exercised its discretion in setting aside the final [*2]judgment of possession and ordering a new trial with respect to respondent's newly-proffered succession defense. Although CPLR 4404 posttrial relief should not be granted where the new evidence could have been presented at trial, we find no reason on this record to disturb the court's finding that the failure of the then pro se respondent to assert her succession defense deprived her of substantial justice (see generally Carney v Carney, 236 AD2d 574, 575 [1997]), given, inter alia, that respondent did not previously understand or appreciate the facially meritorious nature of that defense. Nor did she have any reason to raise the defense, since tenant was still in possession when respondent answered, and remained in possession until respondent obtained an order of protection against him approximately two months later.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 28, 2020